BAKER MARQUART LLP
Ryan Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Donald Pepperman (Bar No. 109809)
  dpepperman@bakermarquart.com
Scott Malzahn (Bar No. 229204)
  smalzahn@bakermarquart.com
Teresa L. Huggins (Bar No. 263257)
  thuggins@bakermarquart.com
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Defendant*
*Carsten Breitfeld*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| BYTON NORTH AMERICA CORPORATION, a Delaware corporation; and BYTON LIMITED, a Hong Kong company, | Case No.  2:19-cv-5603 |
| Plaintiffs, | **DEFENDANT CARSTEN BREITFELD'S NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION** |
| v. | |
| ICONIQ MOTORS NORTH AMERICA, INC., a California corporation; CARSTEN BREITFELD, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

**TO THE CLERK FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendant Carsten Breitfeld ("Breitfeld") hereby removes the above-captioned civil action, which was commenced as Case Number 19STCV30882, in the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(a), and 1446.  In support of this Notice of Removal, Breitfeld states the following:

1. ***Background of Action:***   On August 28, 2019, plaintiffs Byton North America Corporation and Byton Limited (together, "Byton Plaintiffs") filed a Complaint ("Byton Complaint") in the Superior Court of Los Angeles against defendant Iconiq Motors North America, Inc. ("Iconiq") and defendant Carsten Breitfeld (an individual) ("Breitfeld," and, with Iconiq, "Defendants") purporting to assert a claim for misappropriation of trade secrets under the federal Defend Trade Secrets Act ("DTSA") (18 U.S.C. §§ 1836 *et seq.*) and California common law and statutory claims for alleged: (1) misappropriation of trade secrets under the California Uniform Trade Secrets Act (California Civil Code §§ 3426 *et seq.*); (2) breach of fiduciary duties (against defendant Breitfeld only); (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) intentional interference with contractual relations; (6) conversion; and (7) violation of the California Unfair Competition Law (California Business and Professions Code §§ 17200 *et seq.*) (Copy of the Byton Complaint attached hereto as Exhibit A).

In the Byton Complaint, Byton Plaintiffs allege that Defendants misappropriated trade secret or other confidential information relating to the design and manufacture of Byton smart electric vehicles.  Defendant Iconiq filed an Answer on November 19, 2019, generally and specifically denying each of the allegations in

the Byton Complaint (pursuant to California Code of Civil Procedure § 431.30) and asserting various affirmative defenses.  Defendant Breitfeld, which the Byton Plaintiffs claim was served on November 14, 2019, has not yet pled, answered, or appeared in the state court action.

2. **_Timeliness of Removal Notice:_** On November 20, 2019, counsel for the Byton Plaintiffs filed a proof of service of summons in the Superior Court representing that defendant Breitfeld had been personally served with the Byton Complaint on November 14, 2019.   This removal petition is, therefore, timely made under 28 U.S.C. § 1446(b)(1) because it is "filed within 30 days after the receipt by" defendant Breitfeld of the Byton Complaint.  *See Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999); *Harper v. Little Caesar Enters.*, No. SACV 18-01564-JLS-JDE, 2018 WL 5984841 at *2 (C.D. Cal., Nov. 14, 2018).

3. **_Consent to Removal:_** The undersigned counsel represents and certifies, pursuant to 28 U.S.C. § 1446(b)(2)(a), that the other defendant, Iconiq, has been properly joined and was served with the Byton Complaint on October 4, 2019, and consents to the removal of the action.  On December 13, 2019, counsel for defendant Iconiq, Kenneth I. Gross, provided consent to the undersigned counsel.

4. **_Federal Question Subject Matter Jurisdiction:_**  The Byton Plaintiffs' federal DTSA claim for relief (second cause of action) (Byton Complaint ¶¶ 28-35) is within the original jurisdiction of this Court under 28 U.S.C. § 1331, because it is a statutory claim "arising under" the laws of the United States.  *See e.g. Mackintosh v. Lyft, Inc.*, No, 2:19-cv-1849-MCE-KJN PS, 2019 WL 5682826 at *2 (E.D. Cal., Nov. 1, 2019) (action alleging a federal DTSA claim invoked federal question jurisdiction and was properly removed).  Because the Byton Complaint "facially presents a federal question," removal is appropriate. *Ryan v. Salisbury*, 380 F. Supp. 3d 1031, 1047 (D. Haw. 2019); *see also Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993).

5.     Further, all of the Byton Plaintiffs' remaining claims are brought under California law and arise from the same facts and "are so related to claims [DTSA claim] in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.  Accordingly, this Court may exercise supplemental jurisdiction over the Byton Plaintiffs' state law-based claims.

6.     Defendant Breitfeld reserves the right to amend this Notice of Removal to assert additional bases for federal jurisdiction.  In addition, if the Byton Plaintiffs contest, or the Court questions, whether the allegations in this Notice of Removal suffice to invoke federal jurisdiction, defendant Breitfeld reserves the right to submit evidence and argument to the Court establishing that the jurisdictional requirements are met.  *See, e.g., Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

7.     ***All Procedural Requirements for Removal Have Been Satisfied:***  Venue and removal to this judicial district and division is proper because they "embrac[e]" Los Angeles County, the "place where [this] action is pending." 28 U.S.C. § 1441(a); *see also* § 1446(a).

8.     Pursuant to 28 U.S.C. § 1446(d), a copy of this timely filed Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, and will be served on all parties.  This Notice of Removal is signed pursuant Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

9.     Attached to this Notice of Removal as Exhibits A and B are true and correct copies of the process, pleadings, and other papers that have been filed in the state court action.

**WHEREFORE BASED ON THE FOREGOING**, defendant Breitfeld hereby removes this action, now pending in the Superior Court of the State of California for

1  the County of Los Angeles, Case No. 19STCV30882, to the United States District

2  Court for the Central District of California, Western Division.

3

4  Dated: December 13, 2019                BAKER MARQUART, LLP

5                                          By: _____

6                                                   Ryan G. Baker

7                                          *Attorneys for Defendant*
                                           *Carsten Breitfeld*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

19STCV30882

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gregory Alarcon

Electronically FILED by Superior Court of California, County of Los Angeles on 08/28/2019 05:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas, Deputy Clerk

1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2    *jnadolenco@mayerbrown.com*
    RUTH ZADIKANY (SBN 260288)
3    *rzadikany@mayerbrown.com*
    KIRBY HSU (SBN 312535)
4    *khsu@mayerbrown.com*
    350 South Grand Avenue, 25th Floor
5   Los Angeles, CA 90071
    Telephone: (213) 229-9500
6   Facsimile: (213) 625-0248

7   Attorneys for Plaintiffs

8

9                    SUPERIOR COURT OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11   BYTON NORTH AMERICA CORPORATION,    Case No.  19STCV30882
     a Delaware corporation; and
12   BYTON LIMITED, a Hong Kong company,    **COMPLAINT FOR:**

13                    Plaintiffs,

14                                         **1) MISAPPROPRIATION OF TRADE
           v.                                 SECRETS UNDER THE CALIFORNIA
15                                            UNIFORM TRADE SECRETS ACT**

     ICONIQ MOTORS NORTH AMERICA, INC.,
16   a California corporation;               **2) MISAPPROPRIATION OF TRADE
     CARSTEN BREITFELD, an individual; and      SECRETS UNDER THE FEDERAL
17   DOES 1 THROUGH 25 INCLUSIVE,             DEFEND TRADE SECRETS ACT**

18                    Defendants.           **3) BREACH OF FIDUCIARY DUTIES**

19                                          **4) INTENTIONAL INTERFERENCE
                                               WITH PROSPECTIVE ECONOMIC
20                                             ADVANTAGE**

21                                          **5) NEGLIGENT INTERFERENCE WITH
                                               PROSPECTIVE ECONOMIC
22                                             ADVANTAGE**

23                                          **6) INTENTIONAL INTERFERENCE
                                               WITH CONTRACTUAL RELATIONS**
24
                                            **7) CONVERSION**
25
                                            **8) VIOLATION OF THE CALIFORNIA
26                                             UNFAIR COMPETITION LAW**

27                                          **DEMAND FOR JURY TRIAL**

28

                                                             COMPLAINT

Plaintiffs Byton North America Corporation ("Byton NA") and Byton Limited ("Byton Ltd."; and jointly with Byton NA, "Byton"), for their complaint against Defendants ICONIQ Motors North America, Inc. ("Iconiq") and Dr. Carsten Breitfeld ("Dr. Breitfeld"; and jointly with Iconiq, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. In this action for preliminary and permanent injunctive relief and damages, Byton seeks to remedy the theft of trade secret, proprietary, and other confidential information by Dr. Carsten Breitfeld, the use of such information by a newly enabled direct competitor, and Dr. Breitfeld's breaches of his fiduciary duties and duties of loyalty to Byton. Byton is a designer and manufacturer of "smart" electric vehicles. Dr. Carsten Breitfeld served as Byton Ltd.'s Chief Executive Officer, Chief Technology Officer, and Chairman of the Board from 2016, until he resigned in the spring of 2019. Dr. Breitfeld also served as a director of Byton NA. Before resigning from Byton, Dr. Breitfeld began working for Iconiq, a direct competitor of Byton that, on information and belief, is using information that Dr. Breitfeld and other former Byton employees misappropriated from Byton to compete against Byton in the highly competitive and emergent electric-vehicle industry. Indeed, just before announcing its hiring of Dr. Breitfeld, Iconiq made ambitious promises to the market about the launch of a new product line with technical features that are strikingly similar to certain innovative technologies under development for future Byton products. On information and belief, it would not have been possible for Iconiq to deliver on such promises without using Byton's confidential information in creating its new product line given the state of Iconiq's technology prior to April 2019.

## PARTIES

2. Byton Ltd. is a Hong Kong company with its registered office in Hong Kong and global headquarters in Nanjing, China. Byton Ltd. designs, develops, and manufactures electric vehicles. It is designing a line of "smart" vehicles that are fully connected to the internet and feature innovative, technology-forward driving experiences. Byton Ltd. has announced plans to start selling vehicles to the Chinese market at the end of 2019 and to the U.S. market in 2020.

///

-2-

3.      Byton NA is a Delaware corporation with its principal place of business in Santa Clara County, California.  Byton NA is a subsidiary of Byton Ltd. and serves as Byton's North American headquarters.  Byton NA provides research and development and software design for the technology that will be used for Byton vehicles, as well as develops and tests the autonomous-driving technology for the vehicles.

4.      Iconiq is a California corporation with its principal place of business in Los Angeles County, California.  On information and belief, Iconiq is a subsidiary of Tianjin ICONIQ NEV Co., Ltd. ("TINC"), a company based in China.  TINC is a lesser-known competitor of Byton Ltd. and currently in the early stages of designing its own electric vehicles.  On information and belief, Iconiq was formed only recently, in April 2019, to serve as TINC's U.S. headquarters.

5.      Dr. Breitfeld is a natural person and, on information and belief, resides and is domiciled in California.

6.      Byton does not know the true names and capacities of defendants sued as Does 1 through 25 and therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Byton will amend its complaint to identify the true names and capacities of the Doe defendants when ascertained.  On information and belief, each Doe defendant conspired with or aided and abetted the other defendants in committing the wrongful acts alleged, and their acts or omissions directly and proximately caused Byton's damages.

## JURISDICTION AND VENUE

7.      The amount in controversy exceeds the jurisdictional minimum of this Court.

8.      Venue is proper in the Superior Court of California, County of Los Angeles because many of the wrongful acts and events or omissions giving rise to this action took place within Los Angeles County and because Iconiq's principal place of business is in Los Angeles County.

## FACTUAL ALLEGATIONS

9.      The emergent electric-vehicle industry is highly competitive, and there are many startups racing to complete their designs and release production vehicles to the market.  Byton

-3-

designs and develops technology for all aspects of its vehicles.  It had a head start on many of its competitors, and its business depends on the ability to maintain the secrecy of its trade secrets and other confidential and proprietary information.   This information includes, without limitation:

- Structural, aesthetic, safety, and hardware designs of and software and firmware, including source codes, used in the vehicle body (including the body in white, doors and other closures, lighting, and vehicle exterior);

- Structural, aesthetic, safety, and hardware designs of and software and firmware, including source codes, used in the chassis (including the unique driver display, architecture of the braking system, and architecture of the suspension system);

- Structural, aesthetic, safety, and hardware designs of and software and firmware, including source codes, used in the vehicle cabin (including rotating seats, unique seatbelt system, front and rear consoles, facial recognition components, unique airbag deployment system, and temperature-control system);

- Structural, safety, and hardware designs of and software and firmware, including source codes, used in the powertrain (including electronic architecture and batteries);

- Aesthetic, safety, and hardware designs of and software and firmware, including source codes, used in the advanced driver-assistance systems (including system architecture and user interface and experience);

- Structural, safety, and hardware designs of and software and firmware, including source codes, used in the core vehicle control systems (including unique low-voltage architecture, systems for connection to mobile devices and the internet, cybersecurity systems, and futureproof telematics systems);

- Structural, aesthetic, safety, and hardware designs of and software and firmware, including source codes, used in the entertainment and driving-experience systems (including first-in-industry widescreen curved display, cameras for communication and user interface, integrated gesture-sensing system, infotainment controllers, microphone-

/ / /

-4-

array systems, driver-monitoring systems, audio systems, and systems to enhance driving visibility); and

- Manufacturing and logistics plans and strategies, business procedures and techniques, distribution channels, marketing plans and strategies, and contact and business information for business partners, vendors, suppliers, and service providers.

10.     This information has independent economic value for Byton, which results from the substantial time, energy, money, and ingenuity spent to respectively develop, research, compile, and refine that information based on its own efforts.

11.     The information is not generally known or readily available to the public, including competitors in the electric-vehicle industry. Byton has made reasonable efforts to ensure that its proprietary, confidential information remains secret by, among other things, disclosing the information only to individuals who need it to perform their duties, making known to those individuals the fact that the information must be kept confidential, maintaining reasonable security in and around Byton's places of business, and requiring individual employees, including Dr. Breitfeld, to agree to keep the information confidential.

12.     Dr. Breitfeld played a crucial role in assisting Byton in developing all aspects of its technology and designs. He co-founded Byton Ltd. in 2016 and served as its Chief Executive Officer, Chief Technology Officer, and Chairman of the Board of Directors until his recent resignation. He also served as Byton NA's Chief Executive Officer, Chief Financial Officer, and as a director on Byton NA's Board. Throughout his tenure working for Byton, Dr. Breitfeld was deeply involved in developing the technology and designs necessary for Byton's vehicles. Because of his various important roles, Dr. Breitfeld was versed in virtually all of Byton's trade secrets and other confidential information.

13.     On or about April 16, 2019, while still employed by Byton and still a director, Dr. Breitfeld announced at an automobile show in Shanghai that he had become the Chief Executive Officer of TINC. He then began actively promoting TINC's vehicles, which were still in the early stages of development but were positioned to compete directly against Byton vehicles. At that time, Dr. Breitfeld had not resigned from his positions with Byton.

-3-

14.     Shortly after Dr. Breitfeld's April 16 announcement, a number of other high-level Byton employees resigned from Byton and went to work for TINC.  On information and belief, Dr. Breitfeld led efforts to recruit these employees to work for TINC and Iconiq while still employed by and a director of Byton—in violation of his fiduciary duties.

15.     About one month later, on or about May 16, 2019, Dr. Breitfeld sent Byton NA a letter stating that he was resigning as a director of Byton NA.  He claimed in his letter that he had ceased serving as a director on April 17, 2019, despite never having given notice of his purported resignation to Byton NA before sending his May 16 letter.

16.     Dr. Breitfeld and other high-level Byton employees who left Byton, on information and belief, are using and relying on Byton's confidential and trade-secret information to allow Iconiq to compete directly with Byton.  Indeed, many of the depictions and descriptions of Iconiq's vehicles are remarkably similar to Byton's vehicles.

17.     Iconiq aided and abetted Dr. Breitfeld's misappropriation.  On information and belief, Iconiq encouraged Dr. Breitfeld to misappropriate Byton's trade-secret, proprietary, and confidential information prior to his resignation from Byton, so that Iconiq and TINC could unlawfully use that information to compete against Byton and other electric-vehicle companies.  On information and belief, Iconiq assisted Dr. Breitfeld's misappropriation.

18.     Dr. Breitfeld, Iconiq, and TINC's misappropriation of Byton's trade secrets and other confidential information is shown by the circumstances surrounding Iconiq and TINC's hiring of Dr. Breitfeld.  In January 2018, TINC unveiled the basic exterior appearance of its first concept car.  In November 2018, unveiled limited interior configurations of the concept car and TINC's plans to make the vehicle fully autonomous.  As shown by these partially developed concept cars, TINC was still in the early stages of its design process and years away from actually developing a working electric vehicle.  On information and belief, through the end of 2018, TINC was several years behind Byton in the design, testing, and manufacturing process.

19.     In early 2019, TINC made ambitious promises to the market regarding the release of its first vehicle that, given the then-existing state of TINC and Iconiq's technology, was simply not feasible absent misappropriation of Byton's information.  TINC revealed a new

-4-

1   concept car that will have features that are remarkably similar to features of vehicles that Byton

2   had been designing for years. These similar features include, without limitation, the design,

3   software, and firmware of rotatable seats, the front console display, the user interface of the

4   touchscreen display, the facial and voice recognition systems, the automotive personalization

5   platform (including artificial intelligence and machine learning capabilities, cloud connectivity,

6   and integration with mobile devices), the advanced driver assistance systems (including assisted

7   driving, tailgating alert, parking spot detection, and route selection systems), the predictive

8   maintenance system, and the multi-operational and multi-window-display systems for the

9   dashboard display. Soon after making these promises, Iconiq hired Dr. Breitfeld—while he was

10   still employed by Byton and had access to its trade-secret and other confidential information—

11   and other former Byton employees. Byton's misappropriated trade-secret, proprietary, and other

12   confidential information accelerated TINC and Iconiq's development of competing electric

13   vehicles and enabled them to expedite their release. On information and belief, TINC and Iconiq

14   are currently using Byton's trade-secret, proprietary, and other confidential information to

15   develop their products and to Byton's competitive disadvantage.

16   **FIRST CAUSE OF ACTION**

17   **Misappropriation of Trade Secrets**

18   **Under the California Uniform Trade Secrets Act, Civil Code §§ 3426 et seq.**

19   **(By All Plaintiffs Against All Defendants)**

20        20.   Byton incorporates by reference as though fully set forth herein the allegations of

21   the preceding paragraphs of this Complaint.

22        21.   Byton's ability to compete in the electric-vehicle industry, in the United States

23   and globally, is directly dependent upon maintaining the secrecy of its trade secrets and other

24   confidential and proprietary information.

25        22.   As a result of his executive and technical positions with Byton, Dr. Breitfeld

26   routinely reviewed and assisted with the development of highly restricted trade-secret,

27   proprietary, and other confidential information owned by Byton. That information has

28   independent economic value and is not generally known or readily available to the public,

-5-

including Byton's competitors. Byton has expended substantial time, resources, and ingenuity in developing this information based on their own efforts.

23.    The trade-secret, proprietary, and other confidential information to which Dr. Breitfeld had access and of which Iconiq came into possession of includes, without limitation, the structural, aesthetic, safety, and hardware design and software source codes for all aspects of vehicles that Byton is designing and manufacturing, as detailed in paragraph 9. This information is protectable as trade secret under the California Uniform Trade Secrets Act, Civil Code sections 3426 *et seq.* ("CUTSA").

24.    Byton made reasonable efforts to ensure that all of its confidential and proprietary information remained secret by, among other things, disclosing it to only those individuals who needed the information to perform their duties, making known to those individuals the fact that the information was to be kept confidential, maintaining reasonable security in and around its places of business, and requiring individual employees to agree to keep the information confidential, including by executing written confidentiality agreements affirming their obligation to keep such information confidential.

25.    Defendants violated CUTSA by misappropriating Byton's trade secrets in a willful manner and with the deliberate intent to injure Byton's business, and for Defendants' own financial gain including, without limitation, and as described above by: (a) acquiring Byton's trade secrets, (b) disclosing the information contained in Byton's trade secrets to TINC and Iconiq, and (c) using Byton's trade secrets for Defendants' benefit in developing and taking steps to launch Iconiq's new product line. At all relevant times, on information and belief, Defendants knew or had reason to know that Byton's trade secrets were acquired by improper means, conspired together to obtain and/or use the trade secrets, and aided and abetted each other in doing so.

26.    As a proximate result of Defendants' misappropriation, Byton suffered and will continue to suffer actual damages, and Defendants will be unjustly enriched, in sums not yet ascertained. Byton also suffered and will continue to suffer immediate and irreparable harm, until Defendants' misconduct is preliminarily and permanently enjoined.

27.    Defendants' misappropriation was intentional, malicious, and in bad faith and has subjected and will continue to subject Byton to cruel and unjust hardship in conscious disregard of Byton's rights, so as to justify an award of exemplary and punitive damages according to proof at trial.  Under CUTSA, Byton is entitled to recover reasonable attorney's fees as a result of Defendants' willful and malicious misappropriation.

### SECOND CAUSE OF ACTION

**Misappropriation of Trade Secrets**

**Under the Federal Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et seq.**

**(By All Plaintiffs Against All Defendants)**

28.    Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

29.    Byton's ability to compete in the electric-vehicle industry, in the United States and globally, is directly dependent upon maintaining the secrecy of its trade secrets and other confidential and proprietary information.

30.    As a result of his executive and technical positions with Byton, Dr. Breitfeld routinely reviewed and assisted with the development of highly restricted trade-secret, proprietary, and other confidential information owned by Byton.   That information has independent economic value and is not generally known or readily available to the public, including competitors.  Byton expended substantial time, resources, and ingenuity in developing this information based on its own efforts.

31.    The trade-secret, proprietary, and other confidential information that Dr. Breitfeld had access to and that Iconiq came into possession of includes, without limitation, the structural, aesthetic, safety, and hardware design and software source codes for all aspects of vehicles that Byton is designing and manufacturing, as detailed in paragraph 9.   This information is protectable as trade secrets under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836 *et seq.*

32.    Byton made reasonable efforts to ensure that all of its confidential and proprietary information remained secret by, among other things, disclosing it to only those individuals who

-7-

EXHIBIT A, PAGE 013

1   needed the information to perform their duties, making known to those individuals the fact that

2   the information was to be kept confidential, maintaining reasonable security in and around its

3   places of business, and requiring individual employees to agree to keep the information

4   confidential, including by executing written confidentiality agreements affirming their obligation

5   to keep such information confidential.

6       33.    Defendants violated DTSA by misappropriating Byton's trade secrets in a willful

7   manner and with the deliberate intent to injure Byton's business, and for Defendants' own

8   financial gain including without limitation and as described above by (a) acquiring Byton's trade

9   secrets, (b) disclosing the information contained in Byton's trade secrets to Iconiq, and (c) using

10   Byton's trade secrets for Defendants' benefit.  At all relevant times, on information and belief,

11   Defendants knew or had reason to know that Byton's trade secrets were acquired by improper

12   means, conspired together to obtain or use the trade secrets, and aided and abetted each other in

13   doing so.

14       34.    As a proximate result of Defendants' misappropriation, Byton suffered and will

15   continue to suffer actual damages, and Defendants will be unjustly enriched, in sums not yet

16   ascertained.  Byton also suffered and will continue to suffer immediate and irreparable harm,

17   which will continue until Defendants' misconduct is preliminarily and permanently enjoined.

18       35.    Defendants' misappropriation was intentional, malicious, and in bad faith and has

19   subjected and will continue to subject Byton to cruel and unjust hardship in conscious disregard

20   of Byton's rights, so as to justify an award of exemplary and punitive damages according to

21   proof at trial.  Under DTSA, Byton is entitled to recover reasonable attorney's fees as a result of

22   Defendants' willful and malicious misappropriation.

### THIRD CAUSE OF ACTION

**Breach of Fiduciary Duties**

**(By Byton NA Against Dr. Breitfeld)**

26       36.    Byton incorporates by reference as though fully set forth herein the allegations of

27   the preceding paragraphs of this Complaint.

28   / / /

COMPLAINT

37.     Dr. Breitfeld was a director and executive officer, including CEO, of Byton NA. Dr. Breitfeld thus owed Byton NA fiduciary duties.

38.     While employed by Byton NA, Dr. Breitfeld breached his fiduciary duties by conspiring with Iconiq to compete against Byton NA, misappropriating Byton NA's trade-secret and other confidential information, and soliciting other employees of Byton NA to leave Byton NA and join Iconiq.

39.     In acting as described above, Dr. Breitfeld did not exercise the care required of his positions, used his position of trust and confidence to further his own and Iconiq's interests, and caused injury to Byton NA.

40.     As a direct and proximate result of Dr. Breitfeld's breach, Byton NA has sustained and will incur further damages in amounts to be proven at trial.  Byton NA further seeks reimbursement of salaries, bonuses, stock appreciation rights, stock option awards, benefits, and other forms of compensation paid to Dr. Breitfeld during the period of his breach. Byton NA has also suffered immediate and irreparable harm and will continue to suffer harm until the breaches are enjoined.

### FOURTH CAUSE OF ACTION

**Intentional Interference With Prospective Economic Advantage**

**(By All Plaintiffs Against All Defendants)**

41.     Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

42.     Byton had existing at-will employment relationships with certain of the former employees that resigned after being solicited by Defendants.  These employment relationships were economic relationships with the probability of future economic benefit to Byton.

43.     Dr. Breitfeld was aware of Byton's economic relationships with those former employees by virtue of his direct contact with them and his having served in executive management capacities at Byton.

/ / /

/ / /

-9-

EXHIBIT A, PAGE 015

44.     Iconiq, as Byton's direct competitor, was also aware of Byton's economic relationships with those former employees because Iconiq is engaged in the same industry and received information about the relationships from Dr. Breitfeld.

45.     Dr. Breitfeld, as an agent of Byton, owed duties to use reasonable care, diligence, and skill in his work.  While still employed by Byton and serving as a Byton director, he breached his duties to Byton by directly or indirectly soliciting those former employees to resign from employment at Byton.

46.     Iconiq owed a duty to use ordinary care to avoid causing harm to Byton.  Iconiq breached its duty by directly or indirectly soliciting those former employees to resign from employment at Byton and by encouraging Dr. Breitfeld to solicit those employees when he was still employed at Byton.

47.     Byton's economic relationships with the former at-will employees were disrupted, and they resigned.  It was reasonably foreseeable that Byton's relationships with the former at-will employees would be disrupted by Defendants' solicitation of them.

48.     As a proximate result of Defendants' wrongful conduct, Byton has suffered and continues to suffer economic loss and other general and specific damages in amounts to be proven at trial.

49.     Defendants' wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Byton to cruel and unjust hardship in conscious disregard of Byton's rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## FIFTH CAUSE OF ACTION

### Negligent Interference With Prospective Economic Advantage

### (By All Plaintiffs Against All Defendants)

50.     Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

/ / /

/ / /

COMPLAINT

EXHIBIT A, PAGE 016

51.     Byton had existing at-will employment relationships with certain of the former employees that resigned after being solicited by Defendants.  These employment relationships were economic relationships with the probability of future economic benefit to Byton.

52.     Dr. Breitfeld was aware of Byton's economic relationships with those former employees by virtue of his direct contact with them and his having served in executive management capacities at Byton.

53.     Iconiq, as Byton's direct competitor, was also aware of Byton's economic relationships with those former employees because Iconiq is engaged in the same industry and received information about the relationships from Dr. Breitfeld.

54.     Dr. Breitfeld, as an agent of Byton, owed duties to use reasonable care, diligence, and skill in his work.  While still employed by Byton, he breached his duties to Byton by directly or indirectly soliciting those former employees to resign from employment at Byton.

55.     Iconiq owed a duty to use ordinary care to avoid causing harm to Byton.  Iconiq breached its duty by directly or indirectly soliciting those former employees to resign from employment at Byton and by encouraging Dr. Breitfeld to solicit those employees when he was still employed at Byton.

56.     Byton's economic relationships with the former at-will employees was disrupted, and they resigned.  It was reasonably foreseeable that Byton's relationships with the former at-will employees would be disrupted by Defendants' solicitation of them.

57.     As a proximate result of Defendants' wrongful conduct, Byton has suffered and continues to suffer economic loss and other general and specific damages in amounts to be proven at trial.

### SIXTH CAUSE OF ACTION

**Intentional Interference With Contractual Relations**

**(By All Plaintiffs Against All Defendants)**

58.     Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

/ / /

-11-

59. Most, if not all, of the former employees that resigned after being solicited by Defendants had entered into confidentiality agreements with Byton.

60. Dr. Breitfeld was aware of Byton's agreements with those former employees by virtue of his direct contact with them and his having served in executive management capacities at Byton. On information and belief, Dr. Breitfeld made Iconiq aware of Byton's agreements with those former employees.

61. On information and belief, Defendants caused those former employees to disclose Byton's confidential information to Defendants and TINC. Defendants did so to disrupt the former employees' contractual relationship with Byton and to cause the former employees to breach their confidentiality agreements with Byton.

62. The former employees breached their confidentiality agreements by disclosing Byton's confidential information to TINC or Iconiq.

63. In addition, some of the former employees had employment contracts with Byton that specified a term of employment.

64. Dr. Breitfeld was aware of the term employment contracts between Byton and the applicable former employees by virtue of his direct contact with them and his having served in executive management capacities at Byton. On information and belief, Dr. Breitfeld made Iconiq aware of those contractual requirements.

65. On information and belief, Defendants caused those former employees to work for Iconiq or TINC before the end of their employment term. Defendants did so to disrupt those former employees' contractual relationship with Byton and to cause the former employees to breach their confidentiality agreements with Byton.

66. The former employees who entered term employment contracts breached their contracts by resigning before the end of the term to work for Iconiq or TINC.

67. As a proximate result of Defendants' wrongful conduct, Byton has suffered and continues to suffer economic loss and other general and specific damages in amounts to be proven at trial.

///

-12-

EXHIBIT A, PAGE 018

68.     Defendants' wrongful conduct was intentional, malicious, and in bad faith and has subjected and will continue to subject Byton to cruel and unjust hardship in conscious disregard of Byton's rights, so as to justify an award of exemplary and punitive damages according to proof at trial.

## SEVENTH CAUSE OF ACTION

### Conversion

### (By All Plaintiffs Against All Defendants)

69.     Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

70.     Byton's trade-secret, proprietary, and other confidential information give Byton an advantage over its competitors.  Dr. Breitfeld was entrusted with access to this information, which is Byton's property, in connection with his employment with Byton.

71.     Dr. Breitfeld conspired with or was aided and abetted by Iconiq and TINC to wrongfully convert Byton's trade-secret, proprietary, and other confidential information by improperly and secretly diverting that information from Byton with the intention of permanently depriving Byton of its property and to use the property for Iconiq and TINC's own gain by ratifying Dr. Breitfeld's conduct.

72.     As a proximate result of Defendants' wrongful conduct, Byton has suffered and continues to suffer economic loss and other general and specific damages in amounts to be proven at trial.

## EIGHTH CAUSE OF ACTION

### Violation of the California Unfair Competition Law

### Under Business and Professions Code §§ 17200 et seq.

### (By All Plaintiffs Against All Defendants)

73.     Byton incorporates by reference as though fully set forth herein the allegations of the preceding paragraphs of this Complaint.

74.     Defendants' conduct alleged herein, including, but not limited to, their conspiracy to improperly solicit Byton's employees and misappropriate Byton's trade-secret and other

-13-

1    confidential information, and breach Dr. Breitfeld's duty of loyalty and fiduciary duties,

2    constitute unfair, unlawful, and/or fraudulent business acts and practices under Business and

3    Professions Code section 17200 because such acts are forbidden by various state and federal

4    laws and are unscrupulous, unfair, and injurious to Byton.

5        75.    As a result of Defendants' conduct, Byton has suffered and continue to suffer

6    economic loss and other general and specific damages in amounts to be proven at trial.

7                              **PRAYER FOR RELIEF**

8    WHEREFORE, Plaintiffs pray as follows:

9        1.    For an injunction restraining and enjoining Defendants, their agents, employees,

10   and all other persons acting in concert or participating with them:

11              a.    From disclosing or using any proprietary, confidential, or trade-secret

12                    information obtained from Plaintiffs;

13              b.    To return all proprietary, confidential, and trade-secret information and

14                    other property misappropriated or otherwise obtained from Plaintiffs;

15              c.    To preclude Dr. Breitfeld from working on products that compete with

16                    Defendants for at least one year;

17              d.    To preclude Defendants from improperly soliciting Plaintiffs' employees;

18       2.    For compensatory and consequential damages according to proof;

19       3.    For restitution for unjust enrichment according to proof;

20       4.    For punitive and exemplary damages according to proof;

21       5.    For prejudgment interest at the maximum legal rate;

22       6.    For costs of suit;

23       7.    For attorney's fees as provided by statute; and

24       8.    For such other and further relief as the Court deems just and proper.

25   ///

26   ///

27   ///

28   ///

-14-

EXHIBIT A, PAGE 020

1

## DEMAND FOR JURY TRIAL

2      Plaintiffs demand trial by jury.

3

4  Dated:   August 28, 2019           MAYER BROWN LLP

5

6                       By: _____

7                             John Nadolenco
Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

COMPLAINT

# EXHIBIT B

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 19STCV30882

BYTON NORTH AMERICA CORPORATION, A DELAWARE CORPORATION, ET AL. VS CARSTEN, AN INDIVIDUAL BREITFELD, ET AL.

**Filing Courthouse:**  Stanley Mosk Courthouse

**Filing Date:** 08/28/2019
**Case Type:**  Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:**  Pending

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**02/10/2020** at 08:30 AM in Department 36 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BREITFELD CARSTEN AN INDIVIDUAL - Defendant

BYTON LIMITED A HONG KONG COMPANY - Plaintiff

BYTON NORTH AMERICA CORPORATION A DELAWARE CORPORATION - Plaintiff

GROSS KENNETH - Attorney for Defendant

HSU KIRBY - Attorney for Plaintiff

ICONIQ MOTORS NORTH AMERICA INC. A CALIFORNIA CORPORATION - Defendant

NADOLENCO JOHN - Attorney for Plaintiff

VITRUK ALEXANDER - Attorney for Plaintiff

ZADIKANY RUTH - Attorney for Plaintiff

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
**12/06/2019** Notice Re: Continuance of Hearing and Order
Filed by Clerk

EXHIBIT B, PAGE 022

**12/05/2019** Case Management Statement
Filed by Carsten, an individual Breitfeld (Defendant); Iconiq Motors North America, Inc., a California corporation (Defendant)

**12/03/2019** Case Management Statement
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/21/2019** Notice of Ruling (AT CASE MANAGEMENT CONFERENCE)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/21/2019** Minute Order ( (Case Management Conference Matter is called for hearing.))
Filed by Clerk

**11/20/2019** Proof of Personal Service
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/20/2019** Proof of Personal Service
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/20/2019** Notice of Posting of Jury Fees
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/19/2019** Answer
Filed by Iconiq Motors North America, Inc., a California corporation (Defendant)

**11/06/2019** Case Management Statement
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**11/06/2019** Proof of Service (not Summons and Complaint)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**09/23/2019** Notice of Case Management Conference
Filed by Clerk

**08/28/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**08/28/2019** Summons (on Complaint)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**08/28/2019** Civil Case Cover Sheet
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

**08/28/2019** Complaint
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**

**11/21/2019** at 08:30 AM in Department 36, Gregory W. Alarcon, Presiding
Case Management Conference - **Held - Continued**


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

### Register of Actions (Listed in descending order)

**12/06/2019** Notice Re: Continuance of Hearing and Order
Filed by Clerk

**12/05/2019** Case Management Statement
Filed by Carsten, an individual Breitfeld (Defendant); Iconiq Motors North America, Inc., a California corporation (Defendant)

**12/03/2019** Case Management Statement
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/21/2019** at 08:30 AM in Department 36, Gregory W. Alarcon, Presiding
Case Management Conference - **Held - Continued**

**11/21/2019** Notice of Ruling (AT CASE MANAGEMENT CONFERENCE)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/21/2019** Minute Order ( (Case Management Conference Matter is called for hearing.))
Filed by Clerk

**11/20/2019** Notice of Posting of Jury Fees
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/20/2019** Proof of Personal Service
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/20/2019** Proof of Personal Service
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/19/2019** Answer
Filed by Iconiq Motors North America, Inc., a California corporation (Defendant)

**11/06/2019** Case Management Statement
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**11/06/2019** Proof of Service (not Summons and Complaint)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**09/23/2019** Notice of Case Management Conference
Filed by Clerk

**08/28/2019** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**08/28/2019** Summons (on Complaint)
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**08/28/2019** Civil Case Cover Sheet
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

**08/28/2019** Complaint
Filed by Byton North America Corporation, a Delaware corporation (Plaintiff); Byton Limited, a Hong Kong company
(Plaintiff)

Electronically FILED by Superior Court of California, County of Los Angeles on 08/28/2019 01:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Vargas,Deputy Clerk

19STCV30882

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MAYER BROWN LLP; JOHN NADOLENCO (SBN 181128); RUTH ZADIKANY (SBN 260288); KIRBY HSU (SBN 312535) 350 South Grand Avenue, 25th Floor Los Angeles, CA  90071 | |

TELEPHONE NO.: (213) 229-9500        FAX NO.: (213) 625-0248

ATTORNEY FOR *(Name):* Plaintiffs Byton North America Corporation and Byton Limited

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk Courthouse

CASE NAME: Byton North America Corporation, et al. v. Iconiq Motors North America, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 19STCV30882 JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☒ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):*  a. ☒ monetary  b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 8
5. This case ☐ is ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 28, 2019

John Nadolenco
_____        ▶ _____
(TYPE OR PRINT NAME)                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36) Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT B, PAGE 027

| SHORT TITLE: Byton North America Corporation v. Iconiq Motors North America, Inc. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | **A**<br>Civil Case Cover Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death - Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 028

| SHORT TITLE: Byton North America Corporation v. Iconiq Motors North America, Inc. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, ②, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation      Number of parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

| SHORT TITLE: Byton North America Corporation v. Iconiq Motors North America, Inc. | CASE NUMBER |
|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160 Abstract of Judgment | 2, 6 |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123 Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190 Election Contest | 2 |
| | | ☐ A6110 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 030

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Byton North America Corporation v. Iconiq Motors North America, Inc. | |

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 111 North Hill Street |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: August 28, 2019_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4


American LegalNet, Inc.
www.FormsWorkFlow.com

Electronically FILED by Superior Court of California, County of Los Angeles on 08/28/2019 05:05 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Vargas,Deputy Clerk

19STCV30882

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ICONIQ MOTORS NORTH AMERICA, INC., a California corporation;
CARSTEN BREITFELD, an individual; and
DOES 1 THROUGH 25 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BYTON NORTH AMERICA CORPORATION, a Delaware corporation; and
BYTON LIMITED, a Hong Kong company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>19STCV30882 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MAYER BROWN LLP; John Nadolenco (SBN 181128); Ruth Zadikany (SBN 260288); Kirby Hsu (SBN 312535)
350 S. Grand Avenue, 25th Floor, Los Angeles, CA 90071
Tel: (213) 229-9500; Fax: (213) 625-0248

DATE: 08/28/2019
*(Fecha)* Sherri R. Carter Executive Officer / Clerk of Court

Clerk, by **Kristina Vargas** , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|---|

EXHIBIT B, PAGE 032

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td><td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/28/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Kristina Vargas _____ Deputy

</td></tr>
</table>

| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 19STCV30882 |
| --- | --- |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
| --- | --- | --- | --- | --- | --- | --- | --- |
| ✓ | Gregory W. Alarcon | 36 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 08/30/2019
        (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By Kristina Vargas _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT B, PAGE 033

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

ectronically FILED by Superior Court of California, County of Los Angeles on 11/06/2019 04:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. So,Deputy Clerk

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
MAYER BROWN LLP JOHN NADOLENCO (SBN 181128);
RUTH ZADIKANY (SBN 260288);  ALEXANDER VITRUK (SBN 315756)
350 S. Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
TELEPHONE NO.: (213) 229-9500     FAX NO. *(Optional)*: (213) 625-0248
E-MAIL ADDRESS *(Optional)*: jnadolenco@mayerbrown.com; rzadikany@mayerbrown.com
ATTORNEY FOR *(Name)*: Plaintiffs Byton North America Corporation and Byton Limited

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

PLAINTIFF/PETITIONER: Byton North America Corporation, et al.

DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 19STCV30882 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: November 21, 2019     Time: 8:30 a.m.     Dept.: 36     Div.:     Room:

Address of court *(if different from the address above)*:

☐   Notice of Intent to Appear by Telephone, by *(name)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒  This statement is submitted by party *(name)*: Plaintiffs Byton North America Corporation and Byton Limited
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: August 28, 2019
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☒  The following parties named in the complaint or cross-complaint
      (1) ☒   have not been served *(specify names and explain why not)*: Defendant Dr. Carsten Breitfeld has been evading Plaintiffs' diligent efforts to effectuate service upon him.
      (2) ☒   have been served but have not appeared and have not been dismissed *(specify names)*: Defendant ICONIQ MOTORS NORTH AMERICA, Inc. has been served and is expected to respond to complaint on 11/18/19.
      (3) ☐   have had a default entered against them *(specify names)*:
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in ☒ complaint    ☐ cross-complaint     *(Describe, including causes of action)*:
      Plaintiffs seek to remedy the theft of trade secret, proprietary, and other confidential information by Defendants Dr. Carsten Breitfeld and ICONIQ MOTORS NORTH AMERICA, Inc., as well as Dr. Breitfeld's breach of fiduciary duties.

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 035

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | 19STCV30882 |
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs Byton North America Corporation and Byton Limited (together "Byton") research, design, develop, and manufacture "smart" electric vehicles with autonomous driving technology, among other features. Defendant Dr. Carsten Breitfeld, a former director of Byton N.A. and CEO of Byton Ltd., abruptly left Byton to work for Iconiq, a newly enabled direct competitor of Byton. Defendants Dr. Breitfeld and Iconiq have misappropriated Byton's trade secrets, proprietary and confidential information, and Dr. Breitfeld has breached his fiduciary duties to Byton.
☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☒ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 7
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:            f.   Fax number:
e.   E-mail address:              g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)   For parties represented by counsel: Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)   For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)   ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)   ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply).* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ **Judicial arbitration scheduled for** *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

**11. Insurance**
   a. ☐   Insurance carrier, if any, for party filing this statement *(name):*
   b.   Reservation of rights: ☐ Yes   ☐ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐   Bankruptcy ☐   Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐   There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
   ☐   Additional cases are described in Attachment 13a.
   b. ☐   A motion to   ☐   consolidate   ☐   coordinate   will be filed by *(name party):*

**14. Bifurcation**
   ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
        action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐   The party or parties have completed all discovery.
   b ☐   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant ICONIQ Motors North America, Inc. | Requests for Production | 1/1/20 |
| Defendant ICONIQ Motors North America, Inc. | Special Interrogatories | 1/1/20 |

   c. ☒   The following discovery issues, including issues regarding the discovery of electronically stored information, are
        anticipated *(specify):*
        Plaintiffs anticipate the need to file a stipulated protective order with the Court.

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    Page 4 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: 19STCV30882 |
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Counsel for Plaintiffs contacted counsel for Defendant ICONIQ Motors North America, Inc. ("Iconiq") on multiple occasions, but counsel for Iconiq ultimately stated, on 11/6/19, that he no longer represents Iconiq.

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):* N/A

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: November 6, 2019

Alexander Vitruk
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 039

Electronically FILED by Superior Court of California, County of Los Angeles on 11/06/2019 04:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Jenkins,Deputy Clerk

1    MAYER BROWN LLP
     JOHN NADOLENCO (SBN 181128)
2      jnadolenco@mayerbrown.com
     RUTH ZADIKANY (SBN 260288)
3      rzadikany@mayerbrown.com
     ALEXANDER VITRUK (SBN 315756)
4      avitruk@mayerbrown.com
     350 South Grand Avenue, 25th Floor
5    Los Angeles, CA  90071
     Telephone:  (213) 229-9500
6    Facsimile:  (213) 625-0248

7    Attorneys for Plaintiffs
     Byton North America Corporation and Byton
8    Limited

9

10                   SUPERIOR COURT OF CALIFORNIA

11                     COUNTY OF LOS ANGELES

12
     BYTON NORTH AMERICA CORPORATION,      Case No.  19STCV30882
13   a Delaware corporation; and           [Assigned to the Hon. Gregory W. Alarcon,
     BYTON LIMITED, a Hong Kong company,   Dept. 36]
14
                    Plaintiffs,
15
                 v.                        **PROOF OF SERVICE**
16
     ICONIQ MOTORS NORTH AMERICA, INC.,
17   a California corporation;
     CARSTEN BREITFELD, an individual; and
18   DOES 1 THROUGH 25 INCLUSIVE,          Action filed:    August 28, 2019
                                           Trial Date:      Not set yet
19                  Defendants.

20

21

22

23

24

25

26

27

28

                                            PROOF OF SERVICE; CASE NO. 19STCV30882

## PROOF OF SERVICE

I, Jenny Lee, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Mayer Brown LLP, 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On November 6, 2019, I served a copy of the within document(s):

### CASE MANAGEMENT STATEMENT

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day (or one business day afterward) with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Iconiq Motors North America, Inc.      *Defendant*
c/o Coleen Pinoski/Steve Wasserman
5567 Reseda Blvd., Suite 330
Tarzana, CA 91356

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 6, 2019, at Los Angeles, California.

_____
Jenny Lee

PROOF OF SERVICE, CASE NO. 19STCV30882

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MAYER BROWN LLP; John Nadolenco (SBN 181128); Ruth Zadikany (SBN 260288);<br>Kirby Hsu (SBN 312535)<br>350 S. Grand Avenue, 25th Floor<br>Los Angeles, CA 90071<br>TELEPHONE NO.: (213) 229-9500    FAX NO. *(Optional):* (213) 625-0248<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Byton North America Corporation; Byton Limited | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS:  111 N. Hill Street
MAILING ADDRESS:  111 N. Hill Street
CITY AND ZIP CODE:  Los Angeles 90012
BRANCH NAME:  Stanley Mosk

| PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION; Byton Limited<br><br>DEFENDANT/RESPONDENT: DR. CARSTEN BREITFELD | CASE NUMBER:<br>19STCV30882 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* SEE ATTACHMENT

3. a. Party served *(specify name of party as shown on documents served):*
      DR. CARSTEN BREITFELD

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   19 Marguerite Drive, Rancho Palos Verdes, CA 90275
5. I served the party *(check proper box)*
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11/14/2019    (2) at *(time):* 9:45 pm
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007) | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION; Byton Limited | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DR. CARSTEN BREITFELD | 19STCV30882 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date)*:                    (2) from *(city)*:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

(4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
a. ☒ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☐ On behalf of *(specify):*
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
a. Name: Angelo Riley
b. Address: 2110 Artesia Blvd. #926 Redondo Beach CA 90278
c. Telephone number: 213.626.2626
d. The fee for service was: $ 2195.95
e. I am:
(1) ☐ not a registered California process server.
(2) ☐ exempt from registration under Business and Professions Code section 22350(b).
(3) ☒ a registered California process server:
(i) ☒ owner ☐ employee ☐ independent contractor.
(ii) Registration No.: 2016188525
(iii) County: Los Angeles

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: 11/18/2019

Angelo Riley
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE )

POS-010 [Rev. January 1, 2007]       **PROOF OF SERVICE OF SUMMONS**                    Page 2 of 2

POS-040(D)

| SHORT TITLE: BYTON NORTH AMERICA VS. DR CARSTEN BREITFELD | CASE NUMBER: |
|---|---|
| | 19STCV30882 |

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED)
*(This Attachment is for use with form POS-040)*

**The documents that were served are as follows** *(describe each document specifically):*

Notice of Case Assignment

Voluntary Efficient Litigation Stipulations

First Amendment General Order

ATTACHMENT TO PROOF OF SERVICE—CIVIL (DOCUMENTS SERVED)
(Proof of Service)

Page __1__ of __1__

EXHIBIT B, PAGE 044

Electronically FILED by Superior Court of California, County of Los Angeles on 11/19/2019 12:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

1  KENNETH I. GROSS, ESQ. #117838
   KENNETH I. GROSS & ASSOC.
2  849 S. Broadway, Ste. 504
   Los Angeles, CA 90014
3  (213) 627-0218
   (213) 623-4628 fax
4  kgross@kigrosslaw.com

5  Attorneys for defendant: ICONIQ MOTORS NORTH AMERICA, INC.

6

7

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF LOS ANGELES

10

11  BYTON NORTH AMERICA,                )   CASE NO: 19STCV30882
    Corporation, a California Corporation; and )
12  BYTON LIMITED, a Hong Kong,         )
                                        )ANSWER TO COMPLAINT
13                                      )
             Plaintiffs,                )
14                                      )
       vs.                             )
15                                      )   Department 36
                                        )
16  ICONIQ MOTORS NORTH AMERICA,        )
17  INC., California corporation; CARSTEN )
    BREITFELD, et al.,                  )
18                                      )
19  _____Defendants._ )

20  COMES NOW DEFENDANT ICONIQ MOTORS NORTH AMERICA, INC., a

21  dissolved California Corporation for itself alone, and answers the complaint of

22  Plaintifs as follows:

23

24                   GENERAL DENIAL

25     1. Pursuant to the provisions of California Code of Civil Procedure §431.30

26  (d) this answering Defendant denies generally and specifically, each and every, all

27

28  ANSWER TO COMPLAINT                    1

and singular, of the allegations contained in the Complaint, in each and every cause of action alleged therein, and specifically denies that Plaintiffs have been damaged in the manner alleged in the Complaint or at all, or that they will be damaged, or if injured and damaged, said injuries and damages are not the fault or responsibility of this answering Defendant.  In addition to denying each and every allegation of the Complaint, Defendant alleges the following separate affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

2. As a First and separate affirmative defense to the Complaint, and each and every cause of action therein, Defendant alleges that the Complaint and each cause of action stated therein fails to state facts sufficient to constitute a cause of action or causes of action against it.

### SECOND AFFIRMATIVE DEFENSE

3. As a Second and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs failed to take reasonable efforts to maintain the secrecy and confidentiality of their alleged trade secrets.

### THIRD AFFIRMATIVE DEFENSE

4. As a Third and separate affirmative defense to the Complaint, Defendant alleges that it has never had access to Plaintiffs' trade secrets.

### FOURTH AFFIRMATIVE DEFENSE

5. As a Fourth and separate affirmative defense to the Complaint, Defendant alleges that Plaintiffs have failed to identify with particularity

---

ANSWER TO COMPLAINT                    2

information they allege were their trade secrets that were misappropriated, <u>Code of Civil Procedure</u> §2019.210.

### FIFTH AFFIRMATIVE DEFENSE

6.  As a Fifth and separate affirmative defense to the Complaint, Defendant alleges that any information alleged to be trade secrets, were acquired, if at all, properly, and therefore, there has been no misappropriation.

### SIXTH AFFIRMATIVE DEFENSE

7.  As a Sixth and separate affirmative defense to the Complaint, Defendant alleges that this Court lacks jurisdiction to hear and adjudicate Plaintiffs' Defendant Trade Secrets Act cause of action, as jurisdiction for this claim lies exclusively with the Federal Court.

### SEVENTH AFFIRMATIVE DEFENSE

8.  As a Seventh and Separate Affirmative defense to the Complaint, Defendant alleges that any damage or loss suffered by plaintiff was the result of its failure to take reasonable means to mitigate its damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

9. As an Eighth and Separate Affirmative defense to the Complaint, Defendant alleges that the conduct Plaintiffs complain of, was committed, if at all, by third parties over whom Defendant has no control and is not liable.

### NINTH AFFIRMATIVE DEFENSE

10.  As a Ninth and Separate Affirmative defense to the Complaint,

ANSWER TO COMPLAINT                         3

Defendant alleges Plaintiffs' claims are barred by the expiration of the Statute of Limitations, including but not limited to Civil Code §3426.6; U.S.C §1836 (c); Code of Civil Procedure §§338; 338 (b); 338 (c);

## TENTH AFFIRMATIVE DEFENSE

11. As a Tenth and Separate Affirmative defense to the Complaint, Defendant alleges that at all times it has acted in good faith and was not aware of any particular business relationships of Plaintiffs; it engaged in no wrongful conduct with regard to any business relationships of Plaintiffs, did not intend to disrupt any business relationships of Plaintiffs, and no business relationships were interrupted. Therefore Plaintiffs' cause or action for Intentional Interference with Prospective Business Advantage, must fail.

## ELEVENTH AFFIRMATIVE DEFENSE

12. As an Eleventh and Separate Affirmative defense to the Complaint, Defendant alleges it did not owe any duty to Plaintiffs; it took no actions that interfered with any business relationships of Plaintiffs and no such business relationships were disrupted. Therefore, Plaintiffs' cause of action for Negligent Interference with Prospective Economic Advantage, must fail.

## TWELFTH AFFIRMATIVE DEFENSE

13. As a Twelfth and Separate Affirmative defense, Defendant alleges it has not exercised dominion over any property of Plaintiffs to Plaintiffs' exclusion.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. As a Thirteenth and Separate Affirmative defense, Defendant alleges

ANSWER TO COMPLAINT                                4

that it was not aware of any contracts to which Plaintiffs were parties and further, that no contract of Plaintiffs was interfered with. As a result, Plaintiffs' claim for Interference with Contractual relations must fail.

## FOURTEENTH AFFIRMATIVE DEFENSE

15. Defendant avers that at this time it has insufficient knowledge or information upon which to form a belief as to whether it may have additional and as yet unstated affirmative defenses.  Accordingly, Defendant reserves the right to assert such additional and other affirmative defenses as may be warranted.

**WHEREFORE** Defendant prays that:

1. The Complaint be dismissed;
2. Plaintiffs take nothing by way of their complaint;
3. That Plaintiffs be denied all relief sought;
4. Defendant be awarded costs of suit and reasonable attorney fees;
5. For such other and further relief the court deems just and proper.

Dated: November 19, 2019

LAW OFFICES OF KENNETH I. GROSS

by_____
Kenneth I. Gross, Esq.
Attorneys for defendant ICONIQ
MOTORS NORTH AMERICA, INC.

ANSWER TO COMPLAINT                                    5

**PROOF OF SERVICE**
**C.C.P. §1013A(3)**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 849 S. Broadway St., Ste 504, Los Angeles, CA 90014

On Nov 19, 2019 I served the foregoing document described as <u>ANSWER TO COMPLAINT</u> on the interested parties in this action.

[x] by placing true copies thereof enclosed in a sealed envelope and addressed as follows:

JOHN NADOLENCO
RUTH ZADIKIANY
KIRBY HSU
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

**BY MAIL**

[x] By depositing in the U.S. Mail at Los Angeles, California, postage prepaid.
[] As following: I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under those practices in would be deposited in the U.S. Mail on the same day as posted at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this affidavit.

**BY EMAIL**

[x] I transmitted said document to the office of the addressee(s) indicated above to the following email address(es):

jnadolenco@mayerbrown.com
rzadikany@mayerbrown.com
khsu@mayerbrown.com

Executed on Nov 19, 2019 at Los Angeles, California.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Angie Jin

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| JOHN NADOLENCO | SBN: 181128<br>MAYER BROWN LLP<br>350 SOUTH GRAND AVENUE, 25TH FLOOR<br>LOS ANGELES, CA 90071<br>TELEPHONE NO.: (213) 229-9500 | FAX NO. (213) 625-0248 | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES |
|---|
| STREET ADDRESS: 111 NORTH HILL STREET |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: LOS ANGELES, CA 90012 |
| BRANCH NAME: CENTRAL DISTRICT - STANLEY MOSK COURTHOUSE |

| PLAINTIFF/PETITIONER:  BYTON NORTH AMERICA CORPORATION, ETC., ET AL. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  ICONIQ MOTORS NORTH AMERICA, INC., ETC., ET AL. | 19STCV30882 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.<br>19617202 |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] Summons
   b. [X] Complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet
   e. [ ] Cross-complaint
   f. [X] other *(specify documents):*  CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE; FIRST AMENDED GENERAL ORDER; VOLUNTARY EFFICIENT LITIGATION STIPULATIONS

3. a. Party served *(specify name of party as shown on documents served):*
   **ICONIQ MOTORS NORTH AMERICA, INC., A CALIFORNIA CORPORATION**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **COLEEN PINOSKI AUTHORIZED TO ACCEPT SERVICE OF PROCESS ON BEHALF OF STEVE WASSERMAN - ATTORNEY**

4. Address where the party was served: **5567 RESEDA BLVD., SUITE 330**
   **TARZANA, CA 91356**

5. I served the party *(check proper box)*
   a. [X] **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **10/03/2019**    (2) at *(time):* **03:30 pm**

   b. [ ] **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                 **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>POS010-1/1224867 |
|---|---|---|

| PETITIONER:  BYTON NORTH AMERICA CORPORATION, ETC., ET AL. | CASE NUMBER: |
|---|---|
| RESPONDENT:  ICONIQ MOTORS NORTH AMERICA, INC., ETC., ET AL. | 19STCV30882 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                   (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **ICONIQ MOTORS NORTH AMERICA, INC., A CALIFORNIA CORPORATION**
    under the following Code of Civil Procedure section:

    ☒ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
    ☒ 416.20 (defunct corporation)       ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)           ☐ 415.46 (occupant)
                                 ☐ other:

7. **Person who served papers**
a. Name:  **OMAR SHAMMOUT C/O Nationwide Legal, LLC (12-234648)**
b. Address:  **1609 James M. Wood Blvd., 2nd Fl  Los Angeles, CA 90015**
c. Telephone number:  **(213) 249-9999**
d. **The fee** for service was: **$ 168.25**
e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☐ owner       ☐ employee     ☒ independent contractor.
        (ii) Registration No.: **6359**
        (iii) County: **LOS ANGELES**

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. ☐ I **am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **10/07/2019**

    **Nationwide Legal, LLC (12-234648)**
    **1609 James M. Wood Blvd., 2nd Fl**
    **Los Angeles, CA 90015**
    **(213) 249-9999**
    **www.nationwideasap.com**

               **OMAR SHAMMOUT**                ► _____
        (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2     *jnadolenco@mayerbrown.com*
    RUTH ZADIKANY (SBN 260288)
3     *rzadikany@mayerbrown.com*
    ALEXANDER VITRUK (SBN 315756)
4     *avitruk@mayerbrown.com*
    350 South Grand Avenue, 25th Floor
5   Los Angeles, CA  90071
    Telephone:  (213) 229-9500
6   Facsimile:  (213) 625-0248

7   Attorneys for Plaintiffs
    Byton North America Corporation and Byton
8   Limited

9

10                  SUPERIOR COURT OF CALIFORNIA

11                      COUNTY OF LOS ANGELES

12
    BYTON NORTH AMERICA CORPORATION,    Case No.  19STCV30882
13  a Delaware corporation; and
    BYTON LIMITED, a Hong Kong company,
14                                       **PLAINTIFFS' NOTICE OF POSTING**
                    Plaintiffs,           **JURY FEES**
15
          v.                             Hon. Judge Gregory W. Alarcon
16                                       Dept. 36
    ICONIQ MOTORS NORTH AMERICA, INC.,
17  a California corporation;            Action filed:    August 28, 2019
    CARSTEN BREITFELD, an individual; and Trial Date:     N/A
18  DOES 1 THROUGH 25 INCLUSIVE,

19                  Defendants.

20

21

22

23

24

25

26

27

28

                                         PLAINTIFFS' NOTICE OF POSTING JURY FEES; CASE NO. 19STCV30882

1       **TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

2       **PLEASE TAKE NOTICE** that Plaintiffs Byton North America Corporation and Byton

3  Limited hereby submit a jury fee deposit in the amount of $150 in the above-entitled action

4  pursuant to California Code of Civil Procedure Section 631(b).

5

6

7  Dated:   November 20, 2019          MAYER BROWN LLP

8

9                              By: _____
                                    Alexander Vitruk

10                              Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Jenny Lee, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Mayer Brown LLP, 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On November 20, 2019, I served a copy of the within document(s):

**PLAINTIFFS' NOTICE OF POSTING JURY FEES**

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day (or one business day afterward) with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Kenneth I. Gross, Esq.<br>Kenneth I. Gross & Assoc.<br>849 S. Broadway, Suite 504<br>Los Angeles, CA 90014<br>Tel: (213) 627-0218<br>Email: kgross@kigrosslaw.com | *Counsel for Defendant Iconiq Motors<br>North America, Inc.* |
| Tigran Guledjian, Esq.<br>Valerie Roddy, Esq.<br>Stephen Wood, Esq.<br>Sam Williamson, Esq.<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, California 90017<br>Tel: (213) 443-3000<br>Emails: tigranguledjian@quinnemanuel.com;<br>valerieroddy@quinnemanuel.com;<br>stephenwood@quinnemanuel.com;<br>samwilliamson@quinnemanuel.com | *Counsel for Defendant Carsten Breitfeld* |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 20, 2019, at Los Angeles, California.

_____
Jenny Lee

-1-
PLAINTIFFS' NOTICE OF POSTING JURY FEES; CASE NO. 19STCV30882

ectronically FILED by Superior Court of California, County of Los Angeles on 11/21/2019 12:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Jenkins,Deputy Clerk

1  MAYER BROWN LLP
   JOHN NADOLENCO (SBN 181128)
2  *jnadolenco@mayerbrown.com*
   RUTH ZADIKANY (SBN 260288)
3  *rzadikany@mayerbrown.com*
   ALEXANDER VITRUK (SBN 315756)
4  *avitruk@mayerbrown.com*
   350 South Grand Avenue, 25th Floor
5  Los Angeles, CA  90071
   Telephone:  (213) 229-9500
6  Facsimile:  (213) 625-0248

7  Attorneys for Plaintiffs
   Byton North America Corporation and Byton
8  Limited

9

10            SUPERIOR COURT OF CALIFORNIA

11              COUNTY OF LOS ANGELES

12
   BYTON NORTH AMERICA CORPORATION,    Case No.  19STCV30882
13 a Delaware corporation; and
   BYTON LIMITED, a Hong Kong company,
14                                      **NOTICE OF ORDER AT CASE**
                    Plaintiffs,          **MANAGEMENT CONFERENCE**
15
          v.                            Hon. Judge Gregory W. Alarcon
16                                       Dept. 36
   ICONIQ MOTORS NORTH AMERICA, INC.,
17 a California corporation;            Action filed:    August 28, 2019
   CARSTEN BREITFELD, an individual; and Trial Date:      N/A
18 DOES 1 THROUGH 25 INCLUSIVE,

19                  Defendants.

20

21

22

23

24

25

26

27

28

────────────────────────────────────────────────
NOTICE OF ORDER AT CASE MANAGEMENT CONFERENCE; CASE NO. 19STCV30882

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 21, 2019, a Case Management Conference came on for hearing before the honorable Gregory W. Alarcon in Department 36 of the above-captioned Court.  Alexander Vitruk of Mayer Brown appeared for Plaintiffs Byton North America Corporation and Byton Limited.

At the hearing, the Court ordered that the Case Management Conference shall be continued to December 18, 2019 at 8:30 a.m.


Dated:    November 21, 2019

MAYER BROWN LLP

By: _____
Alexander Vitruk
Attorneys for Plaintiffs

-2-
NOTICE OF ORDER AT CASE MANAGEMENT CONFERENCE; CASE NO. 19STCV30882

1    **PROOF OF SERVICE**

2    I, Jenny Lee, declare:

3    I am employed in Los Angeles County, California.  I am over the age of eighteen years

4    and not a party to the within-entitled action.  My business address is Mayer Brown LLP, 350

5    South Grand Avenue, 25th Floor, Los Angeles, California  90071-1503.  On November 21, 2019,

6    I served a copy of the within document(s):

7    **NOTICE OF ORDER AT CASE MANAGEMENT CONFERENCE**

8    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
         fully prepaid, in the United States mail at Los Angeles, California addressed as set
9        forth below.  I am readily familiar with the firm's practice of collection and
         processing correspondence for mailing.  Under that practice it would be deposited
10       with the U.S. Postal Service on that same day (or one business day afterward) with
         postage thereon fully prepaid in the ordinary course of business.  I am aware that
11       on motion of the party served, service is presumed invalid if postal cancellation
         date or postage meter date is more than one day after date of deposit for mailing in
12       affidavit.

13   Kenneth I. Gross, Esq.                    *Counsel for Defendant Iconiq Motors*
     Kenneth I. Gross & Assoc.                 *North America, Inc.*
14   849 S. Broadway, Suite 504
15   Los Angeles, CA 90014
     Tel: (213) 627-0218
16   Email: kgross@kigrosslaw.com

17   Tigran Guledjian, Esq.                    *Counsel for Defendant Carsten Breitfeld*
     Valerie Roddy, Esq.
18   Stephen Wood, Esq.
     Sam Williamson, Esq.
19   Quinn Emanuel Urquhart & Sullivan, LLP
20   865 S. Figueroa St., 10th Floor
     Los Angeles, California 90017
21   Tel: (213) 443-3000
     Emails: tigranguledjian@quinnemanuel.com;
22   valerieroddy@quinnemanuel.com;
     stephenwood@quinnemanuel.com;
23   samwilliamson@quinnemanuel.com

24   I declare under penalty of perjury under the laws of the United States of America that the

25   above is true and correct.

26   Executed on November 21, 2019, at Los Angeles, California.

27

28   _____
                                    Jenny Lee

NOTICE OF ORDER AT CASE MANAGEMENT CONFERENCE; CASE NO. 19STCV30882

EXHIBIT B, PAGE 058

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

Central District, Stanley Mosk Courthouse, Department 36

**19STCV30882**                                            November 21, 2019
**BYTON NORTH AMERICA CORPORATION, A**                      8:30 AM
**DELAWARE CORPORATION, et al. vs CARSTEN, AN**
**INDIVIDUAL BREITFELD, et al.**

Judge: Honorable Gregory W. Alarcon          CSR: None
Judicial Assistant: C. Mason                 ERM: None
Courtroom Assistant: Brigid Byers             Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Alexander Vitruk

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Case Management Conference

Matter is called for hearing.

Pursuant to the request of plaintiff, the Case Management Conference scheduled for 11/21/2019 is continued to 12/18/19 at 08:30 AM in Department 36 at Stanley Mosk Courthouse.

Plaintiff to give notice.

Minute Order                                 Page 1 of 1

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/23/2019

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ C. Mason _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
Byton North America Corporation, a Delaware corporation  et al

DEFENDANT:
Carsten, an individual Breitfeld et al

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
19STCV30882

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 11/21/2019 | Time: 8:30 AM | Dept.: 36 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608, subdivision (b) and California Rules of Court, rule 2.2 et seq.

Dated:  09/23/2019 _____

_Gregory W. Alarcon_ / Judge
Judicial Officer

---

### CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐  by depositing in the United States mail at the courthouse in  Los Angeles _____ , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐  by personally giving the party notice upon filing of the complaint.

John Nadolenco
350 S. Grand Avenue 25th Floor
Los Angeles, CA 90071

Sherri R. Carter, Executive Officer / Clerk of Court

Dated:  09/23/2019 _____

By  C. Mason _____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

### NOTICE OF
### CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MAYER BROWN LLP JOHN NADOLENCO (SBN 181128);<br>RUTH ZADIKANY (SBN 260288);  ALEXANDER VITRUK (SBN 315756)<br>350 S. Grand Avenue, 25th Floor<br>Los Angeles, CA 90071-1503<br>TELEPHONE NO.: (213) 229-9500    FAX NO. *(Optional)*: (213) 625-0248<br>E-MAIL ADDRESS *(Optional)*: jnadolenco@mayerbrown.com; rzadikany@mayerbrown.com<br>ATTORNEY FOR *(Name)*: Plaintiffs Byton North America Corporation and Byton Limited | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District - Stanley Mosk

PLAINTIFF/PETITIONER: Byton North America Corporation, et al.

DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER:<br>19STCV30882 |
|---|---|
| *(Check one):* ☒ **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: December 18, 2019    Time: 8:30 a.m.    Dept.: 36    Div.:    Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone, by *(name)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☒  This statement is submitted by party *(name)*: Plaintiffs Byton North America Corporation and Byton Limited
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: August 28, 2019
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed
   b. ☒  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:

      (2) ☒  have been served but have not appeared and have not been dismissed *(specify names)*: Carsten Breitfeld has been served and is expected to respond to complaint on 12/16/19.
      (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a.  Type of case in ☒ complaint    ☐ cross-complaint    *(Describe, including causes of action)*:
      Plaintiffs seek to remedy the theft of trade secret, proprietary, and other confidential information by Defendants Dr. Carsten Breitfeld and ICONIQ Motors North America, Inc., as well as Dr. Breitfeld's breach of fiduciary duties.

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 061

**CM-110**

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiffs Byton North America Corporation and Byton Limited (together "Byton") research, design, develop, and manufacture "smart" electric vehicles with autonomous driving technology, among other features. Defendant Dr. Carsten Breitfeld, a former director of Byton N.A. and CEO of Byton Ltd., abruptly left Byton to work for Iconiq, a newly enabled direct competitor of Byton. Defendants Dr. Breitfeld and Iconiq have misappropriated Byton's trade secrets, proprietary and confidential information, and Dr. Breitfeld has breached his fiduciary duties to Byton.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request   ☒ a jury trial.   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐   The trial has been set for *(date):*

b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☒   days *(specify number):* 7

b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:     f.  Fax number:

e.  E-mail address:     g.  Party represented:

☐   Additional representation is described in Attachment 8.

9.  **Preference**

☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has   ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| **(1) Mediation** | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| **(2) Settlement conference** | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| **(3) Neutral evaluation** | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| **(4) Nonbinding judicial arbitration** | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| **(5) Binding private arbitration** | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| **(6) Other *(specify)*:** | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]        **CASE MANAGEMENT STATEMENT**        Page 3 of 5



American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 063

**CM-110**

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant ICONIQ Motors North America, Inc. | Requests for Production | 1/1/20 |
| Defendant ICONIQ Motors North America, Inc. | Special Interrogatories | 1/1/20 |
| Defendant Carsten Breitfeld | Requests for Production | 1/1/20 |
| Defendant Carsten Breitfeld | Special Interrogatories | 1/1/20 |

c. ☒ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

Plaintiffs anticipate the need to file a stipulated protective order with the Court.

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT B, PAGE 064

CM-110

| PLAINTIFF/PETITIONER: Byton North America Corporation, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Iconiq Motors North America, Inc., et al. | 19STCV30882 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):* Counsel for parties have not yet met and conferred but Plaintiffs expect that they will do so prior to the Case Management Conference.  Carsten Breitfeld has been served and is expected to respond to complaint on 12/16/19.

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 3, 2019

Alexander Vitruk
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE**

I, Trevor Nassi, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Mayer Brown LLP, 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On December 3, 2019, I served a copy of the within document(s):

**CASE MANAGEMENT STATEMENT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day (or one business day afterward) with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Kenneth I. Gross, Esq.                    *Counsel for Defendant Iconiq Motors*
Kenneth I. Gross & Assoc.                 *North America, Inc.*
849 S. Broadway, Suite 504
Los Angeles, CA 90014
Tel: (213) 627-0218
Email: kgross@kigrosslaw.com

Tigran Guledjian, Esq.                    *Counsel for Defendant Carsten Breitfeld*
Valerie Roddy, Esq.
Stephen Wood, Esq.
Sam Williamson, Esq.
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: (213) 443-3000
Emails: tigranguledjian@quinnemanuel.com;
valerieroddy@quinnemanuel.com;
stephenwood@quinnemanuel.com;
samwilliamson@quinnemanuel.com

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 3, 2019, at Los Angeles, California.

_____
Trevor Nassi

CASE MANAGEMENT STATEMENT; CASE NO. 19STCV30882

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| KENNETH I. GROSS, ESQ. #117838 ⊞<br>KENNETH I. GROSS & ASSOC.<br>849 S. Broadway, Ste. 504, LA, CA 90014<br><br>TELEPHONE NO.: (213) 627-0218    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): kgross@kigrosslaw.com<br>ATTORNEY FOR (Name): Defendant ICONIQ MOTORS NORTH AMERICA, INC. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION, et al.

DEFENDANT/RESPONDENT: ICONIQ MOTORS NORTH AMERICA, et al.

| CASE MANAGEMENT STATEMENT<br>(Check one):  ☑ UNLIMITED CASE   ☐ LIMITED CASE<br>(Amount demanded   (Amount demanded is $25,000<br>exceeds $25,000)    or less) | CASE NUMBER:<br>19STCV30882 |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: December 18, 2019      Time: 8:30 a.m.      Dept.: 36      Div.:      Room:

Address of court (if different from the address above):

☐   Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑  This statement is submitted by party (name):  Defendant ICONIQ MOTORS NORTH AMERICA, INC.
   b. ☐  This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): August 28, 2019
   b. ☐  The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served (specify names and explain why not):

      (2) ☐  have been served but have not appeared and have not been dismissed (specify names):

      (3) ☐  have had a default entered against them (specify names):

   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint   ☐ cross-complaint   (Describe, including causes of action):
      Misappropriation of Trade Secrets; business torts

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |

EXHIBIT B, PAGE 067

CM-110

| PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ICONIQ MOTORS NORTH AMERICA, et al. | 19STCV30882 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges that Defendant Iconiq Motors North America, Inc. hired a former key employee and thereby gained access to and used trade secrets of Plaintiff to unlawfully compete and interfere with its contractual relations. Defendant did not commence operations, did not compete with Plaintiff, was not aware of any contractual relationships of Plaintiff, and is a dissolved corporation.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial.**
The party or parties request ☑ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* Five (5)
b. ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:            f.   Fax number:
e.  E-mail address:              g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

EXHIBIT B, PAGE 068

CM-110

| PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ICONIQ MOTORS NORTH AMERICA, et al. | 19STCV30882 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110 [Rev. July 1, 2011]     **CASE MANAGEMENT STATEMENT**     Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: BYTON NORTH AMERICA CORPORATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ICONIQ MOTORS NORTH AMERICA, et al. | 19STCV30882 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Iconiq Motors North Amercia | Interrogatories to Plaintiff | by March 15, 2020 |
| Iconiq Motors North America | Document Request to Plaintiff | by March 15, 2020 |
| Iconiq Motors North America | Deposition of PMK of Plaintiff | by May 1, 2020 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | BYTON NORTH AMERICA CORPORATION, et al. | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | ICONIQ MOTORS NORTH AMERICA, et al. | 19STCV30882 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 4, 2019

Kenneth I. Gross, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

EXHIBIT B, PAGE 071

**PROOF OF SERVICE**
**C.C.P. §1013A (3)**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 849 S. Broadway St., Ste 504, Los Angeles, CA 90014

On Dec 5, 2019 I served the foregoing document described as <u>CASE MANAGEMENT STATEMENT</u> on the interested parties in this action.

[x] by placing true copies thereof enclosed in a sealed envelope and addressed as follows:

JOHN NADOLENCO
RUTH ZADIKIANY
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

**BY MAIL**

[x] By depositing in the U.S. Mail at Los Angeles, California, postage prepaid.
[] As following: I am readily familiar with this firm's practice of collection and processing correspondence for mailing.  Under those practices in would be deposited in the U.S. Mail on the same day as posted at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing as set forth in this affidavit.

**BY EMAIL**

[x] I transmitted said document to the office of the addressee(s) indicated above to the following email address(es):

jnadolenco@mayerbrown.com
rzadikany@mayerbrown.com

Executed on Dec 5, 2019 at Los Angeles, California.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Angie Jin

## PROOF OF SERVICE

I, Al Chua, am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and **not a party to this action**; my business address is 777 S. Figueroa St., Suite 2850, Los Angeles, CA 90017.

On December 13, 2019, I served true copies of the document(s) described as:

**DEFENDANT CARSTEN BREITFELD'S NOTICE OF REMOVAL OF STATE COURT CIVIL ACTION**

on the party in this action as follows:

| **MAYER BROWN LLP**<br>John Nadolenco<br>jnadolenco@mayerbrown.com<br>Ruth Zadikany<br>rzadikany@mayerbrown.com<br>Kirby Hsu<br>khsu@mayerbrown.com<br>350 South Grand Ave., 25th Floor<br>Los Angeles, CA 90071<br><br>Attorneys for Plaintiffs | **KENNETH I. GROSS & ASSOC.**<br>Kenneth I. Gross<br>kgross@kigrosslaw.com<br>849 S. Broadway, Suite 504<br>Los Angeles, CA 90014<br><br>Atty for Defendant ICONIQ MOTORS NORTH AMERICA |
|---|---|

**[X]    BY FIRST CLASS U.S. MAIL:**
I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 13, 2019, at Los Angeles, California.



Al Chua

BAKER MARQUART LLP
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Tel: (424) 652-7800 • Fax: (424) 652-7850