**BAKER MARQUART LLP**
Ryan G. Baker (Bar No. 214036)
  rbaker@bakermarquart.com
Donald Pepperman (Bar No. 109809)
  dpepperman@bakermarquart.com
Scott M. Malzahn (Bar No. 229204)
  smalzahn@bakermarquart.com
Teresa L. Huggins (Bar No. 263257)
  thuggins@bakermarquart.com
777 S. Figueroa St., Suite 2850
Los Angeles, California 90017
Telephone: (424) 652-7800
Facsimile: (424) 652-7850

*Attorneys for Defendant*
*Carsten Breitfeld*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BYTON NORTH AMERICA CORPORATION, a Delaware corporation; and BYTON LIMITED, a Hong Kong company,<br><br>          Plaintiffs,<br><br>     v.<br><br>ICONIQ MOTORS NORTH AMERICA, INC., a California corporation; CARSTEN BREITFELD, an individual; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No.: 2-19-cv-10563-DMG-JEM<br><br>**DECLARATION OF TERESA L. HUGGINS IN SUPPORT OF DEFENDANT CARSTEN BREITFELD'S MOTION TO DISMISS**<br><br>[Concurrently filed with the Notice of Motion and Motion to Dismiss; and [Proposed] Order]<br><br>Date: February 28, 2020<br>Time: 9:30 a.m.<br>Ctrm.: 8C |

## DECLARATION OF TERESA L. HUGGINS

I, Teresa L. Huggins, declare as follows:

1. I am an attorney admitted to practice in the State of California. I am an attorney with the law firm Baker Marquart LLP ("Baker Marquart"), counsel for defendant Carsten Breitfeld ("Defendant") in this action. I make this declaration in support of Defendant's Motion to Dismiss. I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently thereto.

2. On December 16, 2019, I sent Plaintiffs' counsel an email outlining Plaintiffs' grounds for a 12(b)(6) motion to dismiss the fourth, fifth, sixth, seventh and eighth causes of action in the Complaint filed in the above-referenced action by Plaintiffs Byton North America Corporation and BYTON Limited (together, "Plaintiffs"). Attached as **Exhibit A** is my email to Plaintiffs' counsel.

3. On December 18, 2019, I followed up with Plaintiffs' counsel by email to schedule a telephonic meet and confer to discuss Plaintiffs' grounds for a 12(b)(6) motion in greater detail. Attached as **Exhibit B** is my email to Plaintiffs' counsel.

4. On December 23, 2019, my colleague Scott Malzahn and I met and conferred telephonically with Plaintiffs' counsel about Defendant's grounds to move to dismiss Plaintiffs' fourth, fifth, sixth, seventh and eighth causes of action. During that call, Mr. Malzahn and I specifically explained each of the substantive grounds that support the Motion to Dismiss and provided Defendant's counsel with citations to legal authority in support of those grounds. At the end of the call, Plaintiffs' counsel stated that Plaintiffs would consider Defendant's grounds to move to dismiss, and would let us know whether Plaintiffs would voluntarily amend the Complaint on December 31, 2019.

5. On December 23, 2019, I sent Plaintiffs' counsel an email, confirming our December 31, 2019, meet and confer and reiterating Defendant's grounds to move to dismiss the fourth, fifth, sixth, seventh and eighth causes of action. Attached as **Exhibit C** is my email to Plaintiffs' counsel.

6. On December 31, 2019, Plaintiffs' counsel emailed me to say Plaintiffs would not be amending the Complaint. Attached as **Exhibit D** is the email I received from Plaintiffs' counsel.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 3, 2020, in Los Angeles, California.



Teresa L. Huggins

# EXHIBIT A

**From:** Teresa Huggins
**Sent:** Monday, December 16, 2019 6:31 PM
**To:** jnadolenco@mayerbrown.com; rzadikany@mayerbrown.com; khsu@mayerbrown.com
**Cc:** Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>
**Subject:** RE: Byton v. Iconiq

Counsel,

Following up on Ryan's email below, Dr. Breitfeld plans to move to dismiss on the following causes of action:  intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, intentional interference with contractual relations, conversion and unfair competition.

Plaintiffs' claims for intentional interference with prospective business advantage and negligent interference with prospective economic advantage fail for the same reason:  the failure to allege interference with a specific relationship, as required.  *See Damabeh v. 7-Eleven, Inc*., No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *10 (C.D. Cal. May 8, 2013) (granting motion to dismiss intentional interference with prospective economic advantage and negligent interference with prospective economic advantage because "Plaintiff has not identified the specific relationship with which Defendant is alleged to have interfered").

Plaintiffs' claim for intentional interference with contractual relations fails to identify a specific contract, the parties to the contract, its substance and the date.  *See In re Centerstone Diamonds, Inc*., 2014 EL 1330186, at *6 (C.D. Cal. April 2, 2014) (granting motion to dismiss where claim for intentional interference with contractual relations failed to identify "a specific contract, the parties thereto, or the substance and date thereof").

The conversion and unfair competition claims fail because they are wholly dependent on the trade secrets claims and therefore preempted by those claims.  *See MedioStream, Inc. v. Microsoft Corp.,* 869 F. Supp. 2d 1095, 1116 (N.D. Cal. 2012) (granting motion to dismiss on conversion and UCL claims that were duplicative of trade secrets claim and therefore preempted by CUTSA).

Teresa Huggins
Baker Marquart LLP
(424) 652-7813

---

**From:** Ryan Baker <rbaker@bakermarquart.com>
**Sent:** Monday, December 16, 2019 5:52 PM
**To:** jnadolenco@mayerbrown.com; rzadikany@mayerbrown.com; khsu@mayerbrown.com
**Cc:** Donald Pepperman <Dpepperman@bakermarquart.com>; Teresa Huggins <thuggins@bakermarquart.com>
**Subject:** Byton v. Iconiq

1

Counsel,

I left a message for John earlier.  My firm has recently been engaged to represent Dr. Carsten Breitfeld in the above-referenced litigation.  As you should know by now, we filed removal papers Friday.

Dr. Breitfeld intends to bring a motion pursuant to Federal Rule 12(b)(6) to dismiss the conversation and certain interference claims.  My colleague, Teresa Huggins, will send a more thorough description of the relief Dr. Breitfeld will seek.  Based on the Friday removal, Dr. Breitfeld's motion is currently due Friday 12/20.  Pursuant to Local Rule 7-3, we need to meet and confer at your earliest convenience.  We are available this evening.  We are also generally available tomorrow.

As any motion filed Friday will result in briefing deadlines over the holiday period, and due to the fact that we do not yet have a judge, and we have only recently been engaged in this case, we request the courtesy of a stipulated briefing schedule to provide all parties with reasonable time to prepare the necessary filings.  Accordingly, I propose the parties stipulate the following briefing schedule:

Breitfeld's motion due January 3;
Byton's opposition due January 17;
Breitfeld's reply due January 24.

Please let us know when you are available to meet and confer related to Dr. Breitfeld's motion and whether or not you will agree to a stipulated briefing schedule.

Thanks,

Ryan

Ryan G. Baker
**Baker Marquart LLP**
777 South Figueroa St., Suite 2850
Los Angeles, CA 90017
Main: (424) 652-7800
Direct: (424) 652-7801
Fax: (424) 652-7850
rbaker@bakermarquart.com
www.bakermarquart.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or attorney work product.  As such, it would be privileged and confidential.  If you are not the intended recipient or agent responsible for delivering this e-mail message to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify the sender immediately by e-mail, and delete the original message.

# EXHIBIT B

**From:** Teresa Huggins
**Sent:** Wednesday, December 18, 2019 11:43 AM
**To:** Nadolenco, John <JNadolenco@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Vitruk, Alexander <AVitruk@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>
**Subject:** RE: Byton v. Iconiq

John,

Now that the stipulation is on file, we wanted to follow up on scheduling a meet and confer.  As we mentioned, Mr. Breitfeld presently intends to file a Rule 12(b)(6) motion to dismiss Plaintiffs' fourth, fifth, sixth, seventh and eighth causes of action against him.  My office is available tomorrow, Friday or next Monday before the holidays.  Let us know if any of these dates work.

Additionally, our understanding is that no responsive pleading to any of the claims will be due until the Rule 12(b)(6) motion to dismiss is resolved.  Please confirm your agreement.  Thank you!

Teresa L. Huggins
Baker Marquart LLP
(424) 652-7813

---

**From:** Ryan Baker <rbaker@bakermarquart.com>
**Sent:** Monday, December 16, 2019 8:04 PM
**To:** Nadolenco, John <JNadolenco@mayerbrown.com>
**Cc:** Teresa Huggins <thuggins@bakermarquart.com>; Zadikany, Ruth <RZadikany@mayerbrown.com>; Vitruk, Alexander <AVitruk@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>
**Subject:** Re: Byton v. Iconiq

John,

That schedule works on our end. We will draft a stipulation for your review/approval.

Thanks,

Ryan

Sent from my iPhone

# EXHIBIT C

**From:** Teresa Huggins
**Sent:** Monday, December 23, 2019 12:37 PM
**To:** Vitruk, Alexander <AVitruk@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Subject:** RE: Byton v. Iconiq

Hi Alex,
I just wanted to confirm that we will speak at 10 a.m. on December 31, 2019, as to whether Plaintiffs will agree to amend the Complaint based on the grounds that we discussed on today's call.  These grounds are, as follows:

- Intentional and Negligent Interference with Prospective Economic Advantage
    - Plaintiffs fail to identify a specific economic relationship.  *SunPower Corp. v. SolarCity Corp.*, 12-CV-00694-LHK, 2012 WL 6160472, at *15 (N.D. Cal. Dec. 11, 2012).
    - Plaintiffs fail to identify an independent wrong other than the alleged interference itself.  *Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1006 (2018); *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152-53 (2004).
    - Plaintiffs allege interference with existing employee relationships rather than any lost business opportunities, as is required.  *SOS, Inc. v. E-Collar Technologies, Inc.*, 2017 WL 5714716, at *10 (C.D. Cal. October 17, 2017).
- Intentional Interference with Contractual Relations
    - Plaintiffs fail to identify a specific contract.  *Green Crush LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at *2, 9 (C.D. Cal. May 3, 2018).
    - Plaintiffs fail to allege "but for" causation.  *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F.Supp.3d 1141, 1157 (S.D. Cal. 2014).
    - Plaintiffs allege that the employees breached their purported contracts by resigning before the end of their terms and divulging purportedly "confidential information,"  which is an illegal restraint on employee mobility.  Bus. & Prof. Code, § 16600; *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008); *Action Learning Sys., Inc. v. Crowe*, No. CV 14-5112-GW(SHx), 2014 WL 12564011, at *12 (C.D. Cal. Aug. 11, 2014).
- Conversion
    - This claim is preempted by CUTSA, Cal. Civ. Code §§ 3426, regardless of whether trade secrets or "confidential information" more broadly is alleged.  *Jardin v. Datallegro, Inc.*, 10–CV–2552–IEG WVG, 2011 WL 1375311 (S.D. Cal. Apr.12, 2011); *SunPower Corp.*, 2012 WL 6160472, at *6.
- Unfair Competition
    - This claim is also preempted by CUTSA, Cal. Civ. Code §§ 3426.  *Waymo LLC v. Uber Tech., Inc.,* 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017).
    - This claim is further barred because Plaintiffs have an adequate remedy at law.  *Moss v. Infinity Ins. Co.*, 197 F.Supp.3d 1191, 1203 (N.D. Cal. 2016).

1

Thank you,
Teresa Huggins
Baker Marquart LLP
(424) 652-7813

---

**From:** Vitruk, Alexander <AVitruk@mayerbrown.com>
**Sent:** Wednesday, December 18, 2019 3:14 PM
**To:** Teresa Huggins <thuggins@bakermarquart.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>
**Subject:** RE: Byton v. Iconiq

Thanks, Teresa.  We believe our filed joint stipulation implicitly extends your deadline to file the motion.  We also agree in principle to an extension that does not require court approval.

Alex

---

**Alexander Vitruk**
*Associate*
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
T +1 213 229 5138

LinkedIn | Twitter

mayerbrown.com

Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Teresa Huggins <thuggins@bakermarquart.com>
**Sent:** Wednesday, December 18, 2019 2:47 PM
**To:** Vitruk, Alexander <AVitruk@mayerbrown.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>
**Subject:** RE: Byton v. Iconiq

**\*\*EXTERNAL SENDER\*\***

Alexander,
We're available on Monday at 10 a.m.  In light of the fact the Court has not signed our order and Monday is past our current deadline, can we provisionally agree to a brief extension pursuant to Local Rule 8-3, which permits the parties to stipulate to extend a response to an initial pleading for no more than 30 days without Court approval.  We'd still be willing to agree to the January 3, 2020 deadline, and we would work with you to provide more time for your opposition.  Again, this is a provisional agreement that will go away once the Court signs the stipulation we have already filed.  Please let us know by the end of the day if this is acceptable.

Thanks,
Teresa

# EXHIBIT D

**From:** Vitruk, Alexander <AVitruk@mayerbrown.com>
**Sent:** Tuesday, December 31, 2019 9:58 AM
**To:** Teresa Huggins <thuggins@bakermarquart.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Subject:** RE: Byton v. Iconiq

Hi, Teresa—We have looked into the grounds and authorities referenced below. Plaintiffs will not be amending the complaint. Thanks again,

Alex

---

**Alexander Vitruk**
*Associate*
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
T +1 213 229 5138

LinkedIn | Twitter

mayerbrown.com
Please consider the environment before printing this e-mail. If you need to print it, consider printing it double-sided.

---

**From:** Teresa Huggins <thuggins@bakermarquart.com>
**Sent:** Monday, December 23, 2019 12:37 PM
**To:** Vitruk, Alexander <AVitruk@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Subject:** RE: Byton v. Iconiq

**\*\*EXTERNAL SENDER\*\***

Hi Alex,
I just wanted to confirm that we will speak at 10 a.m. on December 31, 2019, as to whether Plaintiffs will agree to amend the Complaint based on the grounds that we discussed on today's call.  These grounds are, as follows:

- Intentional and Negligent Interference with Prospective Economic Advantage

1

- o Plaintiffs fail to identify a specific economic relationship.  *SunPower Corp. v. SolarCity Corp.*, 12-CV-00694-LHK, 2012 WL 6160472, at *15 (N.D. Cal. Dec. 11, 2012).
- o Plaintiffs fail to identify an independent wrong other than the alleged interference itself.  *Redfearn v. Trader Joe's Co.*, 20 Cal. App. 5th 989, 1006 (2018); *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1152-53 (2004).
- o Plaintiffs allege interference with existing employee relationships rather than any lost business opportunities, as is required.  *SOS, Inc. v. E-Collar Technologies, Inc*., 2017 WL 5714716, at *10 (C.D. Cal. October 17, 2017).

- Intentional Interference with Contractual Relations
  - o Plaintiffs fail to identify a specific contract.  *Green Crush LLC v. Paradise Splash I, Inc.*, 2018 WL 4940825, at *2, 9 (C.D. Cal. May 3, 2018).
  - o Plaintiffs fail to allege "but for" causation.  *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, 16 F.Supp.3d 1141, 1157 (S.D. Cal. 2014).
  - o Plaintiffs allege that the employees breached their purported contracts by resigning before the end of their terms and divulging purportedly "confidential information,"  which is an illegal restraint on employee mobility.  Bus. & Prof. Code, § 16600; *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008); *Action Learning Sys., Inc. v. Crowe*, No. CV 14-5112-GW(SHx), 2014 WL 12564011, at *12 (C.D. Cal. Aug. 11, 2014).

- Conversion
  - o This claim is preempted by CUTSA, Cal. Civ. Code §§ 3426, regardless of whether trade secrets or "confidential information" more broadly is alleged.  *Jardin v. Datallegro, Inc*., 10–CV–2552–IEG WVG, 2011 WL 1375311 (S.D. Cal. Apr.12, 2011); *SunPower Corp*., 2012 WL 6160472, at *6.

- Unfair Competition
  - o This claim is also preempted by CUTSA, Cal. Civ. Code §§ 3426.  *Waymo LLC v. Uber Tech., Inc.,* 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017).
  - o This claim is further barred because Plaintiffs have an adequate remedy at law.  *Moss v. Infinity Ins. Co*., 197 F.Supp.3d 1191, 1203 (N.D. Cal. 2016).

Thank you,
Teresa Huggins
Baker Marquart LLP
(424) 652-7813

---

**From:** Vitruk, Alexander <AVitruk@mayerbrown.com>
**Sent:** Wednesday, December 18, 2019 3:14 PM
**To:** Teresa Huggins <thuggins@bakermarquart.com>; Nadolenco, John <JNadolenco@mayerbrown.com>
**Cc:** Zadikany, Ruth <RZadikany@mayerbrown.com>; Donald Pepperman <Dpepperman@bakermarquart.com>; Ryan Baker <rbaker@bakermarquart.com>; Scott Malzahn <smalzahn@bakermarquart.com>
**Subject:** RE: Byton v. Iconiq

Thanks, Teresa.  We believe our filed joint stipulation implicitly extends your deadline to file the motion.  We also agree in principle to an extension that does not require court approval.

Alex

---

**Alexander Vitruk**
*Associate*
Mayer Brown LLP
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
T +1 213 229 5138

LinkedIn | Twitter