MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
 *jnadolenco@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
 *rzadikany@mayerbrown.com*
ALEXANDER VITRUK (SBN 315756)
 *avitruk@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Plaintiffs
BYTON NORTH AMERICA CORPORATION and
BYTON LIMITED

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| BYTON NORTH AMERICA CORPORATION, a Delaware corporation; and BYTON LIMITED, a Hong Kong company,<br><br>Plaintiffs,<br><br>v.<br><br>ICONIQ MOTORS NORTH AMERCIA, INC., a California corporation; CARSTEN BREITFELD, an individual, and DOES 1 THROUGH 25 INCLUSIVE,<br><br>Defendants. | Case No. 2:19-cv-10563-DMG-JEM<br><br>[*Assigned to the Hon. Dolly M. Gee*]<br><br>**MOTION OF MAYER BROWN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS BYTON NORTH AMERICA CORPORATION AND BYTON LIMITED**<br><br>DATE: January 29, 2021<br>TIME: 9:30 a.m.<br>PLACE: Courtroom 8C |

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ........................................................................................................ 1

BACKGROUND ......................................................................................................... 1

    A.    Procedural Background ............................................................... 1

    B.    Plaintiffs Have Not Paid Outstanding Fees or Substantively Responded to Requests for Instruction for Months. ................... 2

    C.    Mayer Brown Has Advised Plaintiffs of its Intent to Withdraw. ................................................................................................. 3

ARGUMENT .............................................................................................................. 4

    I.    Legal Standard ........................................................................... 4

    II.    Good Cause Exists for Mayer Brown to Withdraw from Representation of Plaintiffs ................................................................... 5

        A.    The Breakdown of Communication with Plaintiffs Has Made it Unreasonably Difficult For Mayer Brown to Carry Out Effective and Competent Representation. ................................. 6

        B.    Plaintiffs' Failure to Remit Payment for Mayer Brown's Legal Services in Breach of the Fee Agreement Constitutes Further Good Cause for Withdrawal. ....................................................... 8

    III.    All Other Considerations Weigh in Favor of Allowing Mayer Brown to Withdraw from Representation of Plaintiffs in this Litigation ......... 9

    IV.    Mayer Brown has Satisfied the Procedural Requirements for Moving to Withdraw ................................................................................ 11

CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. National Survival Games, Inc.*,
   1994 WL 660533 (N.D.N.Y. Nov. 19, 1994) .................................................. 8

*Canandaigua Wine Co. v. Edwin Moldauer*,
   2009 WL 89141 (E.D. Cal. Jan. 14, 2009) ................................................ 8, 9

*China Cent. Television v. Create New Tech. HK Ltd.*,
   2015 WL 12826457 (C.D. Cal. June 25, 2015) ...................................... 6, 11

*Krause v. Manhattan Beach Police Dep't*,
   2018 WL 6118566 (C.D. Cal. May 2, 2018) ........................................... 6, 7

*Marcus v. ABC Signature Studios, Inc.*,
   2017 WL 5635020 (C.D. Cal. June 7, 2017) ........................................... 5, 10

*Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp.*,
   2009 WL 764873 (N.D. Cal. Mar. 19, 2009) .................................................. 8

*ORZ, GmbH & Co. KG v. Thaler*,
   2017 WL 10605966 (C.D. Cal. Aug. 11, 2017) .................................... *passim*

*Oscar de la Renta Ltd. v. Strelitz Ltd.*,
   1993 WL 205150 (S.D.N.Y. June 7, 1993) .................................................. 8

*Rossi v. Askland*,
   2007 WL 1532141 (E.D. Cal. May 24, 2007) ............................................. 9

*Scottsdale Ins. Co. v. Grant & Weber*,
   2016 WL 7469640 (C.D. Cal. Nov. 1, 2016) ............................................ 10

*Stewart v. Boeing Co.*,
   2013 WL 3168269 (C.D. Cal. June 19, 2013) ......................................... 5, 8

*Teddy's Red Tacos Corp. v. Solis*,
   2019 WL 8198312 (C.D. Cal. Dec. 30, 2019) .............................. 4, 5, 6, 10

*Wige v. City of Los Angeles*,
   2014 WL 12806226 (C.D. Cal. Feb. 14, 2014) ........................................... 7

ii

MOTION TO WITHDRAW AS COUNSEL OF RECORD;
CASE NO. 2:19-CV-10563-DMG-JEM

*Your Pers. Assistant, LLC v. T-Mobile USA, Inc.*,
   2010 WL 11598037 (C.D. Cal. Apr. 23, 2010) .................................... 3, 5, 6, 11

**Rules**

California Rule of Professional Conduct 1.16 ............................................... 5, 6, 8, 9

California Rule of Professional Conduct 1.6 ......................................................... 2

Local Rule 83-2.3.2 ...................................................................................... 4, 5, 8, 11

Local Rule 83-2.3.4 ............................................................................................ 4, 5, 11

# INTRODUCTION

Mayer Brown LLP has represented Plaintiffs Byton North America Corporation and Byton Limited ("Plaintiffs") diligently throughout the course of this litigation. Regretfully, Mayer Brown has been forced to move to withdraw as counsel of record for Plaintiffs.

Good cause exists to grant Mayer Brown's motion. Communication between counsel and client has broken down to the point that Mayer Brown can no longer effectively and competently represent Plaintiffs in this action. Since early October, Mayer Brown has sent Plaintiffs at least nine requests for instruction concerning the conduct of this litigation. Plaintiffs have failed to substantively respond to these requests, despite repeat warnings about approaching deadlines, leaving Mayer Brown unable to proceed with this litigation. Furthermore, in breach of the agreement between the parties, Plaintiffs have not remitted payment on the outstanding bills for Mayer Brown's legal services dating back to May 2020.

Mayer Brown has taken reasonable steps to avoid foreseeable prejudice to Plaintiffs, but cannot continue to represent them in this action. Respectfully, Mayer Brown requests leave of court to withdraw as counsel of record for Plaintiffs.

# BACKGROUND

### A. Procedural Background

Plaintiffs' complaint was filed in California state court on August 28, 2019 and removed to this Court by Defendant Carsten Breitfeld on December 13, 2019. *See* ECF No. 2. Defendant Breitfeld moved to dismiss the complaint in part on January 3, 2020 (ECF No. 22), which the Court granted in part and denied in part on April 28, 2020. ECF No. 31. On May 19, 2020, Defendant Breitfeld filed counterclaims against Plaintiffs. ECF No. 33. Plaintiffs moved to dismiss those claims on July 9, 2020 (ECF No. 38), and the Court took that motion under submission on September 16, 2020. ECF No. 46. A ruling on that motion is still

outstanding.

Throughout this motion practice, Mayer Brown prepared each of the filings on Plaintiffs' behalf and diligently represented Plaintiffs' interests. *See, e.g.*, ECF Nos. 24, 25, 34, 36, 38, 42. During this time, on or around February 28, 2020, the Court issued a scheduling order and set trial for August 17, 2021. ECF No. 23, 28. Of the dates set by the scheduling order, the following will occur within 60 days of the filing of this motion: January 21, 2021 (Deadline for initial expert disclosure and report); and February 18, 2021 (Deadline for rebuttal expert disclosure and report). ECF No. 28-1. Discovery cutoff is not until April 13, 2021. ECF No. 32.

### B. Plaintiffs Have Not Paid Outstanding Fees or Substantively Responded to Requests for Instruction for Months.

Plaintiffs engaged Mayer Brown to represent them in this action on or around March 22, 2019. Declaration of Alexander Vitruk ("Vitruk Decl."), ¶ 4. This engagement involved a written fee agreement, which was signed by Plaintiffs' representative on March 22, 2019. *Id.* Unfortunately, during the course of the litigation, Plaintiffs fell behind on payment of Mayer Brown's fees for legal services, in violation of the written fee agreement. *Id.* at ¶ 5. Mayer Brown has worked with Plaintiffs to arrange for payment of its fees while still pursuing this litigation. *See id*. at ¶¶ 6-11. Despite repeated attempts to communicate regarding the outstanding bills, Mayer Brown has not received payment for legal bills dating back to May 2020. *Id*. at ¶ 15.

Simultaneously, communication between Mayer Brown and Plaintiffs concerning how Plaintiffs would like Mayer Brown to proceed in this litigation has broken down.[1] In July and August, Mayer Brown reminded Plaintiffs of the

---

[1] In order to comply with California Rule of Professional Conduct 1.6 concerning an attorney's obligation to protect confidential information, and in order to maintain attorney-client privilege, Mayer Brown does not disclose the details of these communications in this Motion or its supporting papers. Vitruk Decl., ¶ 3. Specific,

2

upcoming stages of litigation and the need to move forward with those key stages, subject to Plaintiffs' instructions. *Id*. at ¶¶ 8-10. Mayer Brown did not receive instruction from Plaintiffs concerning this action, despite repeated requests. *Id*. at ¶ 10-14. Mayer Brown has also continually kept Plaintiffs apprised of the deadlines in this action. *Id*. at ¶¶ 10, 14.

After Plaintiffs' general counsel left Plaintiffs' employment, communication concerning the conduct of this litigation broke down further. See *id*. at ¶¶ 11-13, 20-21. In the interim, Plaintiffs' general counsel was replaced by the Chinese law firm JunHe, and Fang He, an attorney with JunHe, became Mayer Brown's primary point of contact with Plaintiffs. *Id.* at ¶ 11. Since the beginning of October, Mayer Brown has requested instructions from Plaintiffs and/or Ms. He concerning how to proceed with this litigation on at least *nine* different occasions. *Id.* at ¶ 12. While Mayer Brown has received nonsubstantive responses from Ms. He acknowledging receipt of its emails, Mayer Brown has received no instructions from either Plaintiffs or Ms. He concerning the conduct of this litigation. *Id.* at ¶¶ 13, 20-21.

### C. Mayer Brown Has Advised Plaintiffs of its Intent to Withdraw.

Mayer Brown first advised Plaintiffs that it intended to apply to this Court to withdraw from this litigation in July of 2020, due to the growing amount of outstanding fees and lapsed promises of payment. *Id.* at ¶ 6. Because Plaintiffs remitted some payment, Mayer Brown did not proceed with seeking withdrawal at

---

detailed information concerning the significance of the breakdown in communication and its effect on this litigation can be provided to the Court *in camera*. *Id.* However, lack of specific information does not preclude this Court from finding that good cause exists to grant Mayer Brown's motion to withdraw. *See Your Pers. Assistant, LLC v. T-Mobile USA, Inc.*, 2010 WL 11598037, at *2 (C.D. Cal. Apr. 23, 2010) (finding good cause to allow attorneys to withdraw as counsel of record even though they "[did] not wish to reveal the nature of their dispute with [client" so as not to violate the attorney-client privilege," based on the attorneys' representation that "the breakdown is sufficiently material that they are unable to litigate the matter effectively").

that time. *See id.* at ¶¶ 6-8. However, following months of requests for instruction on how to proceed with no substantive response, as well as continued nonpayment of outstanding fees, it became apparent that Mayer Brown would need to withdraw from representation as Plaintiffs' counsel in this action. *Id.* at ¶¶ 8-17. On December 14, 2020, Mayer Brown advised that it planned to exit the litigation. *Id.*

On December 16, 2020, Mayer Brown formally notified Plaintiffs of its intent to file this Motion. *Id.* at ¶ 17, Ex. A. Specifically, Mayer Brown advised that it would file its Notice of Motion on December 22, 2020, then file this Motion and supporting documentation a week later, on December 29, 2020. *Id.* Furthermore, pursuant to Local Rule 83-2.3.4, Mayer Brown advised Plaintiffs that because they are both corporations, they would need to secure representation from another attorney permitted to practice in the Central District of California, as they could not proceed pro se. *Id.*

On December 20, 2020 and December 21, 2020, Mayer Brown advised that absent further instruction, it would proceed with filing this motion. *Id.* at ¶¶ 18, 19.

On December 22, 2020, having received no instruction from Plaintiffs, Mayer Brown filed the notice of its intent to file this motion. *Id.* at ¶ 20; ECF No. 47.[2] A courtesy copy was served on Plaintiffs by email the same day, and Mayer Brown again advised that this motion would be filed on December 29, 2020. *Id.* at ¶ 20.

## ARGUMENT

**I.  Legal Standard**

The decision whether to grant a motion to withdraw as counsel of record is entrusted to the sound discretion of the court. *Teddy's Red Tacos Corp. v. Solis*, 2019 WL 8198312, at *2 (C.D. Cal. Dec. 30, 2019); *see also* L.R. 83-2.3.2 ("attorney may not withdraw as counsel except by leave of court"). The motion

---

[2] The filing of that notice was rejected by the Court on December 28, 2020 purportedly on the ground of "incorrect event selected." ECF No. 48. The notice is thus being refiled concurrently with this motion.

4

MOTION TO WITHDRAW AS COUNSEL OF RECORD;
CASE NO. 2:19-CV-10563-DMG-JEM

must be supported by good cause. L.R. 83-2.3.2.

District courts often consider four factors in ruling on a motion to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *E.g.*, *Teddy's Red Tacos*, 2019 WL 8198312, at *2; *Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5635020, at *2 (C.D. Cal. June 7, 2017) (internal quotation marks omitted); *Stewart v. Boeing Co.*, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (same).

In the Central District of California, counsel also must give written notice of intent to withdraw to the client and all other parties who have appeared. L.R. 83-2.3.2. Further, when counsel for an organization withdraws, special rules require that the attorney "give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

California's Rules of Professional Conduct, which require that attorneys take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," also apply to determine whether an attorney's request to withdraw is proper. CA ST RPC Rule 1.16; *e.g.*, *ORZ, GmbH & Co. KG v. Thaler*, 2017 WL 10605966, at *2 (C.D. Cal. Aug. 11, 2017); *Your Pers. Assistant*, 2010 WL 11598037, at *2; *see also Stewart*, 2013 WL 3168269, at *1 ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation.").

**II. Good Cause Exists for Mayer Brown to Withdraw from Representation of Plaintiffs.**

Under the California Rules of Professional Conduct, an attorney may withdraw from representing a client if (1) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively" or (2) the client "breaches a material term of an agreement with, or obligation, to the

5

lawyer relating to the representation" and the lawyer gives the client "reasonable warning" of intent to withdraw "unless the client fulfills the agreement or performs the obligation." CA ST RPC Rule 1.16(b)(4)-(5). Both of these circumstances are present here.

### A. The Breakdown of Communication with Plaintiffs Has Made it Unreasonably Difficult For Mayer Brown to Carry Out Effective and Competent Representation.

It is well-established that "a breakdown in communications between client and attorney constitutes good cause for withdrawal." *China Cent. Television v. Create New Tech. HK Ltd.*, 2015 WL 12826457, at *2 (C.D. Cal. June 25, 2015); *Teddy's Red Tacos*, 2019 WL 8198312, at *2 (same); *Your Pers. Assistant*, 2010 WL 11598037, at *2 (same); *ORZ*, 2017 WL 10605966, at *2 ("A client's failure to communicate with his attorney may constitute a basis for withdrawal.").

Any attorney is "unable to litigate the case without the advice of and communication with their clients." *See Teddy's Red Tacos*, 2019 WL 8198312, at *3. Numerous courts have found that good cause exists for an attorney to withdraw from representation where, as here, a client's failure to cooperate or communicate renders it "unreasonably difficult" for counsel to continue effective and competent representation. *See, e.g.*, *id.* (good cause existed for withdrawal where clients failed to respond to "multiple text and voice messages" and "several letters" over a period of months, rendering counsel unable to determine how to proceed with the litigation); *Krause v. Manhattan Beach Police Dep't*, 2018 WL 6118566, at *2 (C.D. Cal. May 2, 2018) (good cause existed for withdrawal where client failed to respond to counsel's emails and texts "for over two months" and otherwise failed to get in touch); *China Cent. Television*, 2015 WL 12826457, at *2 (good cause existed for withdrawal where client failed to reply to correspondence from counsel, refused to communicate directly with counsel, and required counsel to communicate through its Chinese counsel).

Failure to respond to counsel's inquiries or requests for instruction, despite counsel informing the client of significant upcoming deadlines, constitutes good cause for the attorney to withdraw. *See ORZ*, 2017 WL 10605966, at *2 ("Plaintiff has failed to respond to Counsel's inquiries, despite Counsel informing Plaintiff of the responsive pleading deadline."); *Krause*, 2018 WL 6118566, at *2 (granting motion to withdraw where counsel sent numerous communications concerning upcoming discovery deadlines and those deadlines passed without response from client); *Wige v. City of Los Angeles*, 2014 WL 12806226, at *2 (C.D. Cal. Feb. 14, 2014) (good cause existed where counsel was unable to prepare for or go forward with trial because he could not communicate with or even locate his client); *see also Statue of Liberty v. Int'l United Indus.*, Inc., 110 F.R.D. 395, 397 (S.D.N.Y. 1986) (granting a motion to withdraw where client failed to answer attorney's telephone calls and letters "regarding the conduct of the litigation in general and the scheduling of depositions in particular").

As far back as July 2020, Mayer Brown has repeatedly advised Plaintiffs that they need to proceed with key stages of litigation and that critical deadlines are approaching. Vitruk Decl., ¶¶ 10, 12, 14. On at least *nine* separate occasions since the beginning of October, Mayer Brown requested in writing instructions on how to proceed with the conduct of this litigation. *Id.* at ¶ 12. Other than nonsubstantive responses from Ms. He, Plaintiffs' Chinese counsel, acknowledging receipt of these communications, Plaintiffs have not replied to these requests for instruction. *Id.* at ¶¶ 13, 20-21. More than two months have passed without material communication from Plaintiffs on how Mayer Brown should proceed. Mayer Brown cannot effectively litigate this matter without advice or instruction from its clients, and Plaintiffs' lack of response renders it unreasonably difficult for Mayer Brown to continue its representation.

Because of this breakdown in substantive communication, good cause exists to grant Mayer Brown's motion to withdraw as counsel of record for Plaintiffs.

7

### B. Plaintiffs' Failure to Remit Payment for Mayer Brown's Legal Services in Breach of the Fee Agreement Constitutes Further Good Cause for Withdrawal.

A lawyer is permitted to withdraw from a representation where "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation," and the lawyer has given the client "reasonable warning" of the intent to withdraw. CA ST RPC Rule 1.16(b)(5). While "[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause" (L.R. 83-2.3.2), Plaintiffs' outstanding bills constitute further good cause to allow Mayer Brown to withdraw from representation. Moreover, as some courts have found, failure of a client to pay fees owed *does* provide "a sufficient basis on which to grant a request to withdraw from representation." *Stewart*, 2013 WL 3168269, at *2; *Canandaigua Wine Co. v. Edwin Moldauer*, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) ("Courts have also held that the failure to pay attorney's fees may be grounds for withdrawal").

Circumstances like those here, where a client has failed to pay a significant amount of attorneys' fees in contravention of its agreement with counsel, suggest that good cause exists for counsel to withdraw from the representation. *Stewart*, 2013 WL 3168269, at *2 (good cause existed where client failed to pay the outstanding balance of fees for over a year and it was "unlikely that Plaintiff would rectify this situation in the future"); *see also Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp.*, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) (good cause existed for withdrawal where, among other reasons, outstanding fees exceeded $100,000); *Brown v. National Survival Games, Inc.*, 1994 WL 660533, *2 (N.D.N.Y. Nov. 19, 1994) ("... courts have recognized that a client's failure to cooperate with counsel or pay attorney's fees are valid reasons for granting ... a motion" to withdraw); *Oscar de la Renta Ltd. v. Strelitz Ltd.*, 1993 WL 205150, at *1 (S.D.N.Y. June 7, 1993) ("Counsel may withdraw if his or her client fails to pay legal fees or if the client fails to communicate or cooperate with their attorney.").

Plaintiffs have not paid Mayer Brown's outstanding legal fees dating back to May 2020. Vitruk Decl., ¶ 15. Coupled with the failure of cooperation or communication by Plaintiffs, their failure to pay their outstanding bills only further illustrates that good cause exists for Mayer Brown to withdraw. *See ORZ*, 2017 WL 10605966, at *2 (good cause was shown where client ceased paying law firm after initial retainer fee following execution of engagement agreement and failed to respond to communications despite being informed of upcoming deadlines); *Canandaigua*, 2009 WL 89141, at *2 (granting motion to withdraw where "it is clear that counsel and [client] have reached an impasse with respect to case strategy and payment of counsel's outstanding fees"); *Rossi v. Askland*, 2007 WL 1532141, at *1 (E.D. Cal. May 24, 2007) ("[G]iven Plaintiff's failure to communicate with her counsel, failure to tender timely payment for services rendered and failure to oppose the present Motion, the Court finds Plaintiff's conduct meets the foregoing standard [that the client's conduct made it unreasonably difficult to continue representation].")

### III. All Other Considerations Weigh in Favor of Allowing Mayer Brown to Withdraw from Representation of Plaintiffs in this Litigation.

The California Rules of Professional Conduct require an attorney to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." CA ST RPC Rule 1.16(d). Mayer Brown has made reasonable effort to avoid foreseeable prejudice to Plaintiffs here, repeatedly advising of upcoming deadlines and the need to take action to meet those deadlines. Vitruk Decl., ¶¶ 10, 12, 14. Mayer Brown has also pleaded for months for instruction from Plaintiffs on how to proceed with this litigation, to no avail. *See id.* at ¶¶ 12-14, 18-21. Mayer Brown warned Plaintiffs as early as July 2020 of its intent to withdraw if Plaintiffs continued to be remiss in paying their outstanding bills. *Id.* at ¶¶ 6, 8, 9, 15, 16. Once it became apparent that Plaintiffs would not provide instructions on how to proceed, Mayer Brown again advised (on five occasions, including by a filed notice of motion) of its

9

intent to withdraw absent some kind of instruction from Plaintiffs. *Id.* at ¶¶ 16-21. Mayer Brown cannot take further action without permission from its client and so has taken reasonable steps to avoid any foreseeable prejudice.

Moreover, withdrawal will not cause prejudice to the other parties in the case, there will not be harm to the administration of justice, and withdrawal will not significantly delay the case. Despite the approaching expert disclosure deadlines, this case is only in the beginning stages of litigation, with a motion to dismiss still pending and little discovery conducted. *See Marcus*, 2017 WL 5635020, at *3 (finding all factors supported granting request to withdraw "as the case is in the beginning stages of litigation"); *ORZ*, 2017 WL 10605966, at *2 (finding no undue delay due to law firm's withdrawal "at this early stage of proceedings"). To the extent that the expert disclosure deadlines are approaching, Mayer Brown has not been granted permission from its clients to proceed with expert discovery. *See* Vitruk Decl., ¶¶ 13, 20-21. As a result, whether represented by Mayer Brown or other counsel, Plaintiffs may need to request a brief continuance of those dates; Mayer Brown's withdrawal will therefore not have an effect [or] will therefore have little effect. Further, trial is scheduled for August 17, 2021, more than eight months from the filing of this motion. Plaintiffs have significant time to find substitute counsel. *Scottsdale Ins. Co. v. Grant & Weber*, 2016 WL 7469640, at *2 (C.D. Cal. Nov. 1, 2016) (finding limited prejudice where motion to withdraw was granted at least seven months before trial).

Nor will the defendant parties be prejudiced, as Mayer Brown is unable to litigate this case without instruction or communication from Plaintiffs. *See Teddy's Red Tacos*, 2019 WL 8198312, at *3 (recognizing prejudice to defendant from plaintiff's failure to respond to discovery, but finding no prejudice due to counsel's withdrawal because counsel could not litigate the case without "advice of and communication with" their clients anyway). And there is sufficient time for the parties to complete fact discovery prior to the April 13, 2021 cutoff date.

### IV. Mayer Brown has Satisfied the Procedural Requirements for Moving to Withdraw.

"In general, counsel is required to give a client advance notice of his or her intention to seek permission to withdraw." *Your Pers. Assistant*, 2010 WL 11598037, at *2. Local Rule 83-2.3.2 also requires counsel to inform the other parties in writing. Mayer Brown has complied with both of these procedural requirements.

Mayer Brown informed Plaintiffs multiple times that it intended to move to withdraw if Plaintiffs continued to be remiss with payment (Vitruk Decl., ¶¶ 6, 8, 9, 15-17) or failed to provide instructions necessary to proceed with the litigation (*id.* at ¶¶ 10, 12, 14, 17-21). Mayer Brown also filed its notice of motion a week prior to filing this motion and served a copy on Plaintiffs the same day. *Id.* at ¶¶ 17, 20. Similarly, Mayer Brown's as-filed notice of motion informed defendants in writing of its intent to withdraw from representation. ECF No. 47 (*see supra* n. 2).

Mayer Brown also complied with Local Rule 83-2.3.4, informing Plaintiffs in an email on December 16, 2020 that they could not appear pro se and would need to seek representation of counsel licensed to practice before this Court. Vitruk Decl., ¶ 17, Ex. A; *see China Cent. Television*, 2015 WL 12826457, at *3.[3]

### CONCLUSION

For the forgoing reasons, Mayer Brown respectfully requests the Court's leave to withdraw from representation as counsel of record for Plaintiffs in this action.

Dated: December 29, 2020

Respectfully submitted,

MAYER BROWN LLP

By: */s/ John Nadolenco*
John Nadolenco

Attorneys for Plaintiffs
Byton North America Corporation and
Byton Limited

---

[3] Mayer Brown has also served a copy of this motion and all supporting papers upon Plaintiffs. *See* concurrently-filed Proof of Service.