MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
  *jnadolenco@mayerbrown.com*
RUTH ZADIKANY (SBN 260288)
  *rzadikany@mayerbrown.com*
ALEXANDER VITRUK (SBN 315756)
  *avitruk@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Attorneys for Plaintiffs
  BYTON NORTH AMERICA CORPORATION and
  BYTON LIMITED

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| BYTON NORTH AMERICA CORPORATION, a Delaware corporation; and BYTON LIMITED, a Hong Kong company,<br><br>Plaintiffs,<br><br>v.<br><br>ICONIQ MOTORS NORTH AMERCIA, INC., a California corporation; CARSTEN BREITFELD, an individual, and DOES 1 THROUGH 25 INCLUSIVE,<br><br>Defendants. | Case No. 2:19-cv-10563-DMG-JEM<br><br>[*Assigned to the Hon. Dolly M. Gee*]<br><br>**DECLARATION OF ALEXANDER VITRUK IN SUPPORT OF MOTION OF MAYER BROWN LLP TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS BYTON NORTH AMERICA CORPORATION AND BYTON LIMITED**<br><br>DATE:  January 29, 2021<br>TIME:  9:30 a.m.<br>PLACE:  Courtroom 8C |

# DECLARATION OF ALEXANDER VITRUK

I, Alexander Vitruk, declare as follows:

1. I am an attorney duly admitted to practice before this Court and all courts in the State of California. I am an associate at Mayer Brown LLP, attorneys of record for Plaintiffs Byton North America Corporation and Byton Limited ("Plaintiffs"). I submit this declaration in support of Mayer Brown's concurrently filed Motion to Withdraw as Counsel of Record (the "Motion"). I have knowledge of the facts stated herein, based on my personal knowledge and my review of the case file and communications, and would testify competently thereto if called as a witness.

2. During the relevant time period, John Nadolenco (a partner in Mayer Brown's Los Angeles office) and I handled the day-to-day litigation of the instant action. Our colleague Duncan Abate, a partner in Mayer Brown's Hong Kong office, was the primary point of contact with Plaintiffs, although Mr. Nadolenco and I were copied on most of the emails.

3. Lack of communication concerning the conduct of this litigation has impaired Mayer Brown's ability to effectively and diligently represent Plaintiffs. In order to comply with California Rule of Professional Conduct 1.6 concerning an attorney's obligation to protect confidential information, I do not set forth the specific details of the communications discussed herein, only the minimum information necessary to support Mayer Brown's motion. At the Court's request, we will explain in further detail and respond to questions *in camera*.

4. Plaintiffs engaged Mayer Brown to represent them in this action on or around March 22, 2019. This engagement involved a written fee agreement, which was signed by Plaintiffs' representative on March 22, 2019.

5. During the course of the litigation, in contravention of their fee agreement, Plaintiffs fell behind on payment of Mayer Brown's invoices in connection with this action.

1

6. In July of 2020, Mr. Abate advised Plaintiffs that Mayer Brown intended to apply to the court to withdraw from this litigation due to the growing amount of outstanding fees and lapsed promises of payment.

7. Plaintiffs subsequently paid a portion of the outstanding fees. However, Plaintiffs remained behind payment of Mayer Brown's accrued fees.

8. On July 27, 2020, Mr. Abate sent Matt Barter, the general counsel for Plaintiffs, an email setting forth the status of the amounts owed, accrued as work-in progress, and projected to accrue based on upcoming stages of litigation, as well as Mayer Brown's expectations concerning payment going forward.

9. On August 4, 2020, I emailed Mr. Barter to follow-up on Mr. Abate's request for payment and advised that we needed to receive payment in order to proceed with litigation.

10. On August 8, 2020, Mr. Abate sent Mr. Barter a summary of the status of this action, which advised of significant upcoming deadlines and the need to move forward with key stages of litigation.

11. On or around September 15, 2020, Mr. Barter left Plaintiffs' employment. On September 21, 2020, we were informed that the Chinese law firm JunHe would take on Mr. Barter's role for an undetermined period. Our primary point of contact with Plaintiffs going forward was Fang He, an attorney with JunHe.

12. On the following dates, we requested instruction, or followed-up on prior requests for instruction, from Plaintiffs, Ms. He, or both concerning the conduct of this litigation and how they would like us to proceed:

(a) October 12, 2020
(b) October 23, 2020
(c) November 21, 2020
(d) November 23, 2020
(e) December 5, 2020

  (f)  December 9, 2020

  (g)  December 14, 2020

  (h)  December 20, 2020

  (i)  December 21, 2020

13. While we received some nonsubstantive responses from Ms. He acknowledging receipt of our emails, as of the filing of this motion, we have not received a material response to our requests for instruction.

14. We also advised Plaintiffs, Ms. He, or both concerning upcoming deadlines in this litigation on at least March 6, 2020; July 22, 2020; August 8, 2020; October 12, 2020; November 21, 2020; and December 21, 2020.

15. On the following dates, we requested payment of our outstanding fees from Plaintiffs, Ms. He, or both, but have not received any payment of our invoices dating back to May 2020:

  (a)  October 12, 2020

  (b)  October 23, 2020

  (c)  December 5, 2020

  (d)  December 14, 2020

  (e)  December 21, 2020

16. As noted previously, we first advised Plaintiffs that Mayer Brown would request to withdraw from this litigation if Plaintiffs continued to not pay their bills in July of 2020. Following this lengthy period of noncommunication and nonpayment, we similarly advised of our plans to exit the litigation on December 14, 2020.

17. On December 16, 2020, I emailed Plaintiffs and Ms. He to advise that Mayer Brown would be moving to withdraw as counsel of record in this action. I advised that we would file the notice of our motion on December 22, 2020 and would file the motion itself on December 29, 2020. Pursuant to Local Rule 83-2.3.4, I advised that Plaintiffs would not be able to represent themselves in court

because they are corporations and that they would need to secure representation by another attorney permitted to practice before the Central District of California. A true and correct copy of this communication is attached hereto as **Exhibit A**.

18. On December 20, 2020, Mr. Abate emailed Ms. He to confirm that, absent further instructions, we would be moving forward with our motion to withdraw.

19. On December 21, 2020, I advised Plaintiffs that if we did not receive instructions concerning this litigation, we would proceed with filing our notice of motion to withdraw as counsel of record on December 22, 2020.

20. As we did not receive further instructions concerning this litigation, we filed our notice of motion on December 22, 2020. We served a courtesy copy of the notice on our clients by email and advised again that we would be filing our motion to withdraw on December 29, 2020.

21. We still have not received instruction concerning the conduct of this litigation or payment of our outstanding fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 29th day of December 2020, in Marina del Rey, California.

_____
Alexander Vitruk