# EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-10563-DMG (JEMx)** | Date | February 19, 2021 |
|---|---|---|---|

| Title | ***Byton North America Co., et al. v. Carsten Breitfeld, et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable  DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| Kane Tien | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS — ORDER RE MOTION TO WITHDRAW BY PLAINTIFFS' COUNSEL [49]**

On December 29, 2020, Mayer Brown, LLP (collectively "Counsel"), counsel of record for Plaintiffs Byton North America Corporation and Byton Limited, filed a motion for leave to withdraw as counsel. [Doc. # 49.]

On January 5, 2021, the Court ordered Counsel to serve Plaintiffs with a copy of the motion to withdraw and a copy of the Court's Order requiring Plaintiffs' corporate representative to appear for the January 29, 2021 hearing. [Doc. # 51.] Counsel filed a declaration and proof of service on January 12, 2021. [Doc. ## 52, 53.] A videoconference hearing on Counsel's motion to withdraw took place on January 29, 2021. Plaintiffs' corporate representative, Gong Lin Chen, appeared. Plaintiffs and their counsel requested that the hearing on the motion to withdraw be continued. The Court granted the request and continued the hearing to February 19, 2021. [Doc. # 56.] On February 19, 2021, the Court held another videoconference on Counsel's motion to withdraw. Plaintiffs' corporate representative did not appear.

Counsel submits that good cause exists for withdrawal because continued representation has been rendered unreasonably difficult and there has been a breakdown in the attorney-client relationship. Counsel states that since early October 2020, they have sent Plaintiffs at least nine requests for instruction concerning the conduct of this litigation and Plaintiffs have failed to substantively respond, despite repeated warnings about approaching deadlines, leaving Counsel unable to effectively proceed with litigation. Counsel further states that Plaintiffs have not remitted payment on outstanding bills for Counsel's legal services dating back to May 2020 despite at least five requests for payment. Counsel provided notice to Plaintiffs in July 2020 and again on December 14, 2020 that they would move to withdraw due to nonpayment. [Doc. # 49-1 (Memorandum) at 5; # 49-2 (Vitruk Decl.) ¶¶ 12-16.]

Under California Rules of Professional Conduct ("CRPC") 1.16(b)(4), a client's conduct that renders it unreasonably difficult for the lawyer to carry out the representation effectively

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk <u>KT</u> |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.   **CV 19-10563-DMG (JEMx)**                    Date  February 19, 2021

Title  ***Byton North America Co., et al. v. Carsten Breitfeld, et al.***       Page   2 of 2

may serve as a valid ground for withdrawal.  Under CRPC 1.16(b)(5), a lawyer may also withdraw if the client breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation.

Based upon Counsel's written submissions and the statements made on the record at the February 19, 2021 hearing, the Court finds that good cause exists for the withdrawal and that Counsel has taken adequate steps to inform Plaintiffs of the withdrawal.  The Court hereby **GRANTS** Counsel's motion to withdraw as counsel for Plaintiffs, provided that Counsel timely files the proof of service described in this Order.

The Court orders Counsel to serve this Order on Plaintiffs and thereafter file a proof of service by no later than **February 26, 2021.**

**<u>NOTICE TO PLAINTIFFS WHO WILL BE UNREPRESENTED</u>**

Because Plaintiffs are a corporation and foreign company, they are not permitted to represent themselves, or to appear in court without a lawyer.  *See* C.D. Cal. L.R. 83-2.2.2 ("Only individuals may represent themselves *pro se*.  No organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court . . . .").

Plaintiffs shall file a notice of appearance by no later than **March 26, 2021** providing the name, address, and telephone number of the attorney they have retained to represent them herein.

**FAILURE TO TIMELY SUBSTITUTE COUNSEL WILL RESULT IN DISMISSAL OF THIS ACTION FOR LACK OF PROSECUTION.**

IT IS SO ORDERED.